## THE QUEEN *vs.* AH HUM.

### EXCEPTIONS.

HEARING, APRIL 5, 1893.                    DECISION, APRIL 14, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The defendant had been convicted in July last of a violation of Chapter 41 of the laws of 1886 relating to gaming, and appealed. In the Circuit Court, First Circuit, to which the appeal went for trial, he moved to dismiss the charge on the ground that the Act of 1886 had been repealed by the Lottery Bill of January 13th last and specifically by Act 21 of the Legislature of the Provisional Government on March 7th last. Section 12 of Act 21 prescribes that pending prosecutions under the repealed law shall not be affected by the repealing Act, and Section 23 of the Civil Code is in general terms to the same effect;

Held, that the prosecution of defendant should be proceeded with under the Act of 1886.

### OPINION OF THE COURT, BY JUDD, C.J.

On the 15th of July, 1892, the defendant was convicted in the Police Court of Honolulu of violating Section 3, Chapter 41, Laws of 1886, by managing or conducting or assisting in the managing or conducting of a lottery known as Che Fa, on the 10th of July last. He appealed, and on the 23d of February last he moved the Circuit Court, First Circuit, to dismiss the charge made against him on the ground that there is no law in force under which he can be prosecuted. The motion was overruled by Judge Whiting, presiding, and exceptions thereto are now brought to this Court. At the time of his conviction in the Police Court the Act of 1886 was in full force and effect. But while this motion was before the Circuit Court, and before its decision, the Act of 1886 had been specifically repealed by Act 21 of the Execu-

tive and Advisory Councils of the Provisional Government, approved on the 7th March last.

There being no question that the Act of 1886 is now repealed by "Act 21," it is unnecessary to discuss the question whether it was previously repealed by implication by the Act of January 13th, 1893, entitled "An Act granting a franchise to establish and maintain a lottery," the so-called "Lottery bill."

Act 21 is entitled "An Act to prohibit gambling and gaming," and has a saving clause in Section 12 as follows: "No suit or prosecution pending for any offense committed or for the recovery of any penalty or forfeiture incurred under any law heretofore enacted shall in any case be affected by the passage of this Act."

Section 23 of the Civil Code, under the caption "Of the repeal of laws," is as follows: "No suit or prosecution pending at the time of the repeal of any law, for any offense committed, or for the recovery of any penalty or forfeiture incurred under the law so repealed, shall in any case be affected by such repeal." Both of these last above quoted sections are in effect the same; the former being specific and the latter general.

It is contended by defendant's counsel that the provisions of neither of these two sections are sufficient to now authorize a trial and conviction under the repealed law of 1886.

We hold, following the case of the *United States vs. Reisinger*, 128 U. S. Rep., 401, that "under the general principles of the common law, the repeal of a penal statute operates as a remission of all penalties for violation of it committed before its repeal, and a release from prosecution therefor after said repeal, unless there be either a clause in the repealing statute, or a provision of some other statute, expressly authorizing such prosecution."

But without doubt if the repealing Act discloses the manifest intention of the Legislature, that notwithstanding a general saving statute, all prosecutions under the repealed Act should thereafter be at an end, the particular intention must prevail.

It is objected to thus giving effect to general statutes of this character that one Legislature has not the power to bind a subsequent one; but a general saving statute is regarded as a sort of "legislative by-law" which the Legislature is supposed to keep in mind when repealing penal laws. Many or most of the saving statutes of other jurisdictions have in addition to words like the Hawaiian statute, the further declaration that the prosecution in pending cases may continue under the repealed law as if it were not repealed. Therefore constructions of courts upon such statutes dissimilar to ours will not be instructive.

What was the intention of the Legislature in enacting Section 23 of the Civil Code and Section 12 of "Act 21?" These statutes mean that no prosecution for any offense committed in violation of the law then in force, which prosecution was pending when the law was repealed shall be affected by the repeal, *i. e.*, the prosecution shall not be affected by the repeal. If not affected by the repeal why should it not proceed? This must necessarily follow. A similar construction was put upon the Mass. Stat. by Gray, C. J., in *Commonwealth vs. Desmond*, 123 Mass., 407. The Court said the general statutes of Massachusetts established certain rules for the construction of repealing statutes and one of these was that the "repeal of an Act shall not affect any prosecution pending at the time of the repeal for an offense committed under the Act repealed," and the statute of 1876 which repealed the Act of 1874 did not affect the prosecution of the defendant which was pending when the statute of 1876 was passed. The exceptions were overruled and the conviction sustained.

In California Section 329 of the Political Code is as follows: "The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of a law so repealed, unless the intention to bar such indictment or information and punishment is expressly declared in the repealing Act." And the Supreme Court of that State

held in *People vs. McNulty*, 93 Cal. 442, that under Section 329 above quoted the defendant was to be punished under the law as it existed at the time of the commission of the crime of which he was convicted. In this case the law prescribing the punishment for the crime charged had been amended after conviction and before sentence was executed.

Where the method of procedure under the repealed law is changed by the new law, different questions arise which need not be considered here, as the procedure under the Act of 1886 is not altered by "Act 21." In the case before us the defendant will have to be prosecuted, and if convicted, punished under the Act of 1886.

The motion to dismiss is overruled and the case sent to the Circuit Court, First Circuit, for trial at the next term.

*Attorney-General W. O. Smith*, for prosecution.

*A. S. Hartwell and A. P. Peterson*, for defendant.