TWENTIETH CENTURY FURNITURE, INC. and FIRST INSURANCE CO. OF HAWAII, LTD., Appellants *v.* LABOR AND INDUSTRIAL RELATIONS APPEAL BOARD, STATE OF HAWAII and GERALD S. MORITA, Appellees.

No. 4961.

MARCH 12, 1971.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE LANHAM IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY RICHARDSON, C.J.

On May 7, 1966, Gerald S. Morita, aged 19, while performing his duties as an employee of appellant Twentieth Century Furniture, Inc., injured the thumb and forefinger of his right hand by cutting them with a power saw. At the time of the injury Morita was earning an average

weekly wage of $56.00. The employer, through its insurance carrier, began payment of a weekly benefit of $37.33, computed as 66 2/3% of the injured employee's average weekly wage at the time of the injury. Over one year later, on July 28, 1967, at a hearing held before C. W. Chong, Hearings Officer of the Department of Labor and Industrial Relations, Workmen's Compensation Division, a determination was made that Morita suffered temporary total disability for a period of 11 1/7 weeks immediately subsequent to the accident and a permanent partial disability to the right hand. In addition to a disfigurement award, the hearings officer determined that the injured was entitled under § 97-30(b.), R.L.H. 1955, as amended, presently HRS § 386-31 (b), to receive a weekly benefit equal to 66 2/3% of his average weekly wages for the 11 1/7 weeks of temporary total disability; for the permanent partial disability, the hearings officer determined that the injured was entitled, pursuant to § 97-31, R.L.H. 1955, as amended, presently HRS § 386-32, to receive a weekly benefit equal to 66 2/3% of his average weekly wages for a period of 73.2 weeks. In determining the average weekly wages of the injured employee for both the temporary and permanent disabilities, the hearings officer relied upon § 97-50(6), R.L.H. 1955, as amended, presently HRS § 386-51(6), which provides:

> If an employee, while under twenty-five years of age, sustains a work injury causing permanent disability or death, his average weekly wages shall be computed on the basis of the wages which he would have earned in his employment had he been twenty-five years of age.

The hearings officer, on testimony of Mr. Soong, representing the employer and insurance carrier, found that the injured employee would have received an average weekly wage of $80.00 had he been 25 years of age. The injured

employee agreed that the figure of $80.00 was fair and accurate.

On appeal to the Labor and Industrial Relations Appeal Board, appellants argued that while the use of the hypothetical average weekly wage of earnings at age 25 was proper for computation of the permanent partial disability award, it was improper to use that amount as a basis for the temporary total disability award. The Appeals Board upheld the award as did the First Circuit Court. This appeal is from the judgment of the Circuit Court.

There is some force to appellant's argument that use of the hypothetical age 25 wage base for temporary total disability creates a somewhat anomalous situation in the statutory scheme of workmen's compensation. Computation of Morita's weekly benefit on the basis of the hypothetical wage of $80.00 results in a weekly benefit of $53.34, a sum nearly equal to his average weekly wage of $56.00. A worker over 25 would, of course, receive a weekly benefit of 66 2/3% of his actual weekly wages; if such wages were $56.00 per week, the worker 25 years or older would receive a benefit of $37.34.

For the proposition that our legislature intended no such result, appellants cite the legislative history of the 1963 Workmen's Compensation Act found in *Study of the Workmen's Compensation Law in Hawaii* by Professor Stefan A. Riesenfeld. There Professor Riesenfeld made the suggestion that the State adopt a provision for a special computation of benefits for minors and young adults in cases of permanent disability or death. At the same time, Professor Riesenfeld clearly indicated that the special computation for minors and young adults should apply "only in cases of permanent disability and death."

We are of the opinion that it would be improper to consider legislative history in the instant case. Where the

language of the statute is plain and unambiguous there is no occasion for construction and the statute must be given effect according to its plain and obvious meaning. (*Public Utilities Comm.* v. *Narimatsu,* 41 Haw. 398 (1956) ; *Territory* v. *Morita,* 41 Haw. 1 (1955) ; *Kauai* v. *McGonagle,* 33 Haw. 915 (1936).) We are convinced that the statute is clear on its face in directing that the average weekly wage for persons under 25 years of age is the hypothetical wage in cases where permanent disability or death results. Even if we were to look to the legislative history of the act, as appellants urge that we do, we would not find compelling reason to reach an opposite result. First, we think that studies made by non-members of the legislature are not the most persuasive evidence of legislative intent. Certainly studies do not have the probative value of committee reports or debates. Professor Riesenfeld was an expert on matters of workmen's compensation, yet we cannot be sure that his ideas on the subject can be equated with the will of the legislature. Certainly the legislature has the power to pick and choose from the ideas presented to it. A comparison of our statute with the Wisconsin statute upon which Professor Riesenfeld based his suggestions indicates that Hawaii's legislature may have indeed disregarded the suggestion that the hypothetical wage base be used only for computation of permanent disability and death benefits. Section 102-11(g) Wis. Stat. (1959) provides:

> If an employee is under twenty-seven years of age, his average weekly earnings *on which to compute the benefits* accruing for permanent disability or death shall be [the hypothetical wage]. (Emphasis added.)

Our statute, of course, contains no language expressly limiting the hypothetical wage base to benefits for permanent disability or death. Our statute indicates that a claimant under 25 years of age need only suffer an "injury

causing permanent disability or death" in order that his benefits be computed on the hypothetical wage base.

Finally, appellants cite a New York intermediate appellate court decision, *Koutsakos* v. *Larson,* 25 App. Div. 2d 590, 266 N.Y.S.2d 1014 (1966) which held it error to apply a hypothetical wage base to a minor's benefit for temporary total disability. The statute involved in that case, however, differs significantly from ours.[1]

Affirmed.

*Hale H. Hitchock* (*Cades, Schutte, Fleming & Wright* of counsel) for appellants.

*P. Harrison Thurston,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, with him on the brief) for appellee Labor & Industrial Relations Appeal Board.

---

[1] The New York statute (Workmen's Compensation Law § 14 (McKinney 1965)) provided:

Except as otherwise provided in this Chapter, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation or death benefits and shall be computed as follows:
. . .
5. If it is established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages.