MATSON TERMINALS, INC., Appellant-Appellee,
*v.* ROBERT S. HASEGAWA, Director of the
Department of Labor and Industrial Relations,
State of Hawaii, Appellee, and CLIFFORD NOBRIGA,
THOMAS K. KOMORI, HAROLD IAEA, RICHARD
Y. HASEGAWA, GEORGE OKOJI and RONALD
K. SAITO, Appellees-Appellants

No. 5320

JULY 16, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal from a judgment of the trial court reversing the referee for unemployment compensation appeals who had ruled that the appellants were entitled to unemployment benefits covering periods for which they were suspended from their jobs with appellee. The facts in this case have been stipulated to by the parties herein.

The sole question before this court is the construction of HRS § 383-30 (2), specifically the word "discharged" as provided therein:

§383-30 *Disqualification for benefits.* An individual shall be disqualified for benefits:

. . . .

(2) Discharge for misconduct. For the week in which he has been discharged for misconduct connected with his work and for not less than two or more than seven consecutive weeks of unemployment which immediately follow such week, as determined in each case in accordance with the seriousness of the misconduct.

## FACTS

Appellants were suspended during December 1969 and January 1970 for periods ranging from three to seven days for misconduct connected with their work. The referee for unemployment compensation held that the phrase "discharged for misconduct" cannot be construed to include "suspension for misconduct" and ruled that the appellants were entitled to unemployment compensation.

The trial court, in part, stated in its decision as follows:

There is no doubt that discharge has an accepted and commonly used meaning, that is, a *final* termination, release or dismissal, while suspension means a temporary postponement. . . .

[However] [t]he case at bar is a proper case in which to question the probable legislative intent and construe the statute in the most logical fashion. Although the word "discharge" in HRS §383-30 (2) is not ambiguous on its face, its literal application leads to an ambiguous practical result. If discharge is not read to include suspension, an employee could be compensated for his unemployment caused by work-

connected misconduct where his employer chooses not to impose the harsher punitive measure of a final termination. Such a result is clearly ambiguous in light of the entire unemployment security law. To say the Legislature intended to include suspension within the term "discharge" for the purpose of benefits disqualification does not extend the statute beyond its fair and reasonable meaning.

. . . .

This court cannot believe that our legislature intended the ambiguous and unreasonable result previously noted. . . .

## OPINION

We are of the opinion that the legislative wisdom or lack of wisdom is not a proper issue before the court. Neither can the court guess as to the "probable" legislative intent when the words used in the statute are clear and unambiguous. The court cannot "question the probable legislative intent and construe the statute", which is clear on its face, and insert a meaning that the court, itself, believes is logical.

In the instant case the trial court clearly stated that "there is no doubt that discharge has an accepted commonly used meaning, that is, a final termination, release or dismissal, while suspension means a temporary postponement". In the face of such a statement, and which statement we agree with, we are unable to follow the logic of the trial court when the court in essence concludes that "suspension for misconduct" is synonymous with "discharge for misconduct".

A well established statutory rule of construction is:

Where the language of a statute is plain and unambiguous, there is no occasion for construction and the

statute must be given effect according to its plain and obvious meaning.

*Twentieth Century Furniture, Inc.* v. *Labor and Industrial Relations Appeal Board,* 52 Haw. 577, 579-80, 482 P.2d 151, 152-53 (1971).

We are of the opinion that the statute is clear and unambiguous and the trial court is in error in reading into the statute an ambiguity that does not exist.

We are of the further opinion that the logic and intent advocated by appellee and the trial court is a matter strictly for the legislature to consider.

Reversed and remanded for entry of judgment in favor of appellants.

*Edward H. Nakamura* (*Bouslog & Symonds* of counsel) for appellees-appellants.

*Robert S. Katz* (*Torkildson, Katz & Conahan* of counsel) for appellant-appellee.

---

DISSENTING OPINION OF LEVINSON, J.

I dissent. I think that the decision of the trial court, quoted in part by the majority, was correct and is supported by *Chang* v. *Meagher,* 40 Haw. 96 (1953) where this court said, at 102:

While the most desirable construction of a statute is that which is consistent with the spirit and letter thereof, both of which should be considered, frequently the purpose of an Act justifies the departure from a literal construction of the wording.

We said in *Yoshizaki* v. *Hilo Hospital,* 50 Haw. 150, 153, 433 P.2d 220, 223 (1967): "We are aware of the many canons of construction which are supposed to aid a court in construing a statute. But we are also aware that for

every construction exhorting a court to a literal interpretation of a statute there is a contrary one which justifies construction in a more liberal manner." We cited Llewellyn, *The Common Law Tradition, Deciding Appeals* 522-35 (1960) "for a substantial list of contradictory canons of construction." *Ibid.*

I would affirm the judgment of the trial court.