STATE OF HAWAII, Plaintiff-Appellant, *v.* MYRON PARK, GERALD V. INFORZATO, DAVID AWONG, DON MIGUEL, EMILIO S. ALCON, NORMA CARR, RICHARD KAGEYAMA, DANNY K. KAMALANI, PETER T. McGOVERN, TED MINA, EUGENE RESSENCOURT, ALEX SUENAGA, EUGENE TIWANAK, and ELMER D. S. TYAU, Defendants-Appellees.

NO. 5453

*and*

STATE OF HAWAII, Plaintiff-Appellant, *v.* JIM COREY, DAVID ELLIS, HERBERT MINN, CLARE BARTON, G. RODDY BRILHANTE, and ALVIN KEKAUOHA, Defendants-Appellees.

NO. 5476

JULY 31, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI, OGATA and MENOR, JJ.

OPINION OF THE COURT BY OGATA, J.

The appellant, the State, has appealed these two criminal cases (Case No. 5453, and Case No. 5476), pursuant to HRS §§ 641-1 and 641-13(1) (Supp. 1973) and Rule 43(d) of the District Court Rules of Penal Procedure, from two separate written decisions and judgments of the District Court of the First Circuit, Honolulu Division, dismissing all of the charges against 20 defendants-appellees.

These 20 defendants-appellees were candidates in the primary election of 1972, and each was charged in the District Court of the First Circuit, Honolulu Division, by the deputy prosecuting attorney of the City and County of Honolulu with the commission of the offense of failure to file a statement of expenses in violation of HRS § 11-193 (Supp. 1972),[1] which is a misdemeanor under 19-6(10) (Supp. 1972),[2] punishable by a fine not exceeding $500, or by imprisonment not exceeding

---

[1] The complete text of HRS ch. 11 (Supp. 1972) may be found in Act 26, S.L.H. 1970, pp. 17-47.

[2] *Id.* p. 71.

six months, or both, under 19-7 (Supp. 1972).[3] In Case No. 5453, the State charged that each of the defendants-appellees, Myron Park, Gerald V. Inforzato, David Awong, Don Miguel, Emilio S. Alcon, Norma Carr, Richard Kageyama, Danny K. Kamalani, Peter T. McGovern, Ted Mina, Eugene Ressencourt, Alex Suenaga, Eugene Tiwanak and Elmer D. S. Tyau, did fail to file such a statement within 20 days after the primary election of 1972. In Case No. 5476, the State charged that each of the defendants-appellees, Jim Corey, David Ellis, Herbert Minn, Clare Barton, G. Roddy Brilhante and Alvin Kekauoha, did fail to file such a statement within 20 days following the primary election of 1972.

On March 23, 1973, the district court rendered its decision and judgment in Case No. 5453, as follows: that HRS § 11-193 (Supp. 1972) imposes a mandatory duty upon a candidate in a primary election who is not nominated for the ensuing general election to file his or her statement of expenses with the Lieutenant Governor within 20 days following the date after the result of the primary election is certified by the Lieutenant Governor; that Saturdays and Sundays are to be excluded from computing such 20 days: that the primary election of 1972 was held on October 7, 1972; and that since the results of the election were not certified by the Lieutenant Governor until October 14, 1972, each defendant-appellee who filed his or her statement of expenses on or before November 6, 1972,[4] complied with the provisions of HRS § 11-193 (Supp. 1972). The district court, then, pursuant to its decision, dismissed the charges as to the following defendants-appellees: Don Miguel, who filed his statement of expenses on October 30, 1972; Richard Kageyama, who filed his statement of expenses on October 30, 1972; Norma Carr, who filed her statement of expenses on October 30, 1972; David Awong, who filed his statement of expenses on November 1, 1972; Eugene Tiwanak, who filed his statement of expenses on November 2, 1972; Alexander Suenaga, who

---

[3] *Id*. p. 72.

[4] Based upon the decision of the district court judge, our calculation shows that 20 days from October 14, 1972, excluding Saturdays and Sundays, fell on November 10, 1972.

filed his statement of expenses on November 3, 1972; and Ted Mina, who filed his statement of expenses on November 3, 1972.

In the same decision on file in Case No. 5453, the district court also dismissed the charges against the remaining defendants-appellees who filed their statements after November 6, 1972, the deadline to file these reports as determined by the district court, on the basis that these violations were de minimis under the Hawaii Penal Code § 236,[5] particularly under sub-paragraph (b) of subsection (1) thereof, since the filing of these statements after such date had no effect whatsoever to actually cause or threaten the harm or evil sought to be prevented by the statute in question, or if it did that the harm or evil caused or threatened was too trivial to warrant a conviction.

Thereafter, on April 26, 1973, the district court, based upon its decision rendered in Case No. 5453, dismissed the charges filed by the State in Case No. 5476, against defendants-appellees, Jim Corey, Herbert Minn, Clare Barton, G. Roddy Brilhante and Alvin Kekauoha, on the ground that each of these defendants-appellees had filed his or her statement of expenses on or before November 6, 1972, and that each had complied with the requirements of HRS § 11-193 (Supp. 1972). Also, in regard to defendant-appellee, David Ellis, the district court held that his violation was similarly de minimis, and the charge was also dismissed.

We quote the pertinent part of HRS § 11-193 (Supp. 1972), applicable during the time period covered by these appeals,[6] as follows:

---

[5] The Hawaii Penal Code is not yet published in the supplement to HRS, but the text of the Hawaii Penal Code may be found in Act 9, S.L.H. 1972, pp. 32-142. All references herein to the Hawaii Penal Code, or code, are to the Hawaii Penal Code in Act 9, S.L.H. 1972.

[6] Subpart B, part XII, chapter 11 of HRS, as enacted by Act 26, S.L.H. 1970, including HRS § 11-193 (Supp. 1972), was repealed by Act 185, S.L.H. 1973, and said Act 185 substituted a new subpart B on election campaign contributions and expenditures. A counterpart of HRS § 11-193 (Supp. 1972) now appears as HRS § 11-208 (Supp. 1973). The subsequent substitution of HRS § 11-193 (Supp. 1972) does not affect these pending appeals. HRS § 1-11; The Queen v. Ah Hum, 9 Haw. 97 (1893); State v. Bunn, 50 Haw. 351, 440 P.2d 528 (1968).

> In case of any candidate . . . who was not nominated at the primary election as a candidate for the general election, the itemized statement of expenses shall be filed within twenty days following the primary election. . . .

It is well settled and established in this jurisdiction that courts are required to construe and interpret a statute where it is ambiguous, or, absent such ambiguity, where the literal application of the statute causes an absurd or unjust result and such literal application is clearly inconsistent with the purposes and policies of the statute. On the other hand, where there is no ambiguity in the language of a statute, and the literal application of the language would not produce an absurd or unjust result, clearly inconsistent with the purposes and policies of the statute, there is no room for judicial construction and interpretation, and the statute must be given effect according to its plain and obvious meaning. *Matson Terminals, Inc. v. Hasegawa*, 54 Haw. 563, 512 P.2d 1 (1973); *Pacific Ins. Co. v. Oregon Auto Ins. Co.*, 53 Haw. 208, 490 P.2d 899 (1971); *Twentieth Century Furniture, Inc. v. Labor & Industrial Relations Appeal Board*, 52 Haw. 577, 482 P.2d 151 (1971); *Appeal of Harper*, 52 Haw. 313, 475 P.2d 53 (1970); *Kauai v. McGonagle*, 33 Haw. 915 (1936); *Territory v. Narimatsu*, 41 Haw. 398 (1956).

We think the term "primary election" is a common, ordinary term used in our daily vernacular, and is not an expression that is obscure, unusual or in any way complicated. It seems to us that the ordinary people encounter the words "primary election" and "general election" so often in the media as well as in their daily verbal discourses that these words should be given the popular and usual signification. As so understood by ordinary people, the term "primary election" means that election which closely precedes the general election for the election of candidates to public offices, and that the candidates for the general election are nominated at such earlier "primary election."

Moreover, Chapter 11, of HRS (Supp. 1972), provides that certain words and phrases used in that chapter shall be construed as defined in HRS § 11-1 (Supp. 1972), and this section defines "primary" as "a preliminary election in

which the voters nominate candidates for office as provided for in chapter 12," and it also defines "election" as "all elections, primary, general, special, or county, unless otherwise specifically stated." Chapter 12, of HRS (Supp. 1972), deals with primary elections. There is no conflict in understanding the meaning of the term "primary election" as defined in HRS § 11-1 (Supp. 1972), and that term as commonly understood. In fact, the meaning of the term "primary election" as so statutorily defined, and as ordinarily understood, is in every respect consistent.

We hold that the term "primary election" as used in HRS § 11-193 (Supp. 1972) is clear, plain and unambiguous. It does not need any judicial interpretation and should be applied strictly in accordance with its ordinary and popular usage. This view appears to us not to be clearly inconsistent with the purposes and policies on candidates' expenses as expressed by the legislature in enacting subpart B, part XII, chapter 11, HRS (Supp. 1972), including this section. Since the records in these cases show that the primary election of 1972 was held in this State on October 7, 1972, all candidates who were not nominated at such primary election should have filed their expense statements on or before Friday, October 27, 1972.[7] *Hawaii Corp. v. Kim*, 53 Haw. 659, 500 P.2d 1165 (1972); *cf. Territory v. Fasi*, 40 Haw. 478 (1954). There is nothing in the statutes to exclude Saturdays and Sundays in the computation of the 20 days after the period begins to run, and the exclusion of Saturdays and Sundays was unauthorized.

As previously indicated, the district court judge dismissed the charges against some of these defendants-appellees, because he felt that although the itemized statements of expenses in these cases were filed late, nevertheless, they were filed before the commencement of these prosecutions, so that the conduct of these defendants-appellees did not actually threaten the harm or evil sought to be prevented by the law, or if it did, that it was only to an extent too trivial to

[7] The primary election of 1972 was required by HRS § 12-2 (Supp. 1972) to be held on the first Saturday in October, 1972, and by simple computation, 20 days after the primary election would fall on Friday, October 27, 1972, which was not a holiday. HRS § 8-1 (Supp. 1972).

warrant the condemnation of conviction.

The Hawaii Penal Code provides in § 236:

Sec. 236 — De minimis infractions.

(1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a) Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

(2) The court shall not dismiss a prosecution under subsection (1) (c) of this section without filing a written statement of its reasons.

In § 115, the Hawaii Penal Code further defines a defense as "a fact or set of facts which negatives penal liability." The successful invocation of any of the provisions of the code's § 236, de minimis infractions, necessarily would result in a judgment or order of dismissal of a criminal case. The court in considering whether to grant a dismissal of the charge must consider facts and circumstances that would warrant and justify such a dismissal of the prosecution, which would in such event negative penal liability. In such a situation the application of the code's § 236, would clearly be a defense. It is also a defense expressly made applicable by the code's provisions, § 101(2) (a), to an offense committed before January 1, 1973, the date when the code became effective.

We think that before the code's § 236 can be properly applied in a criminal case, all of the relevant facts bearing upon the defendant's conduct and the nature of the attendant circumstances regarding the commission of the offense should be shown to the judge. *See People v. Davis*, 286

N.Y.S.2d 396, 55 Misc. 2d 656 (1967). Such a disclosure would then enable the judge to consider all of the facts on this issue, so that he can intelligently exercise a sound discretion, consistent with the public interest, whether to grant the dismissal of a criminal case, based upon the standards set forth in the Hawaii Penal Code § 236. Some of these factors that should be considered by the judge on this question under the code's § 236(1) (b) should include the following: the background, experience and character of these defendants-appellees which may indicate whether they knew of, or ought to have known, the requirements of HRS § 11-193 (Supp. 1972); the knowledge on the part of these defendants-appellees of the consequences to be incurred by them upon the violation of the statute; the circumstances concerning the late filing of these statements of expenses; the resulting harm or evil, if any, caused or threatened by these infractions; the probable impact of these violations upon the community; the seriousness of the infractions in terms of the punishment, bearing in mind, of course, that the punishment can be suspended in proper cases; the mitigating circumstances, if any, as to each offender; the possible improper motives of the complainant or the prosecutor; and any other data which may reveal the nature and degree of the culpability in the offense committed by each defendant-appellee.

We note that as to these charges, which were dismissed as de minimis, the district court did not consider the merits of this issue on an individual basis. In fact these charges were dismissed even before trial, and the only information that the court had was a communication from the Lieutenant Governor showing that each defendant-appellee had filed his or her statement of expenses prior to the institution of these charges. The record in each case is utterly bare of the attendant circumstances surrounding these violations. Under the circumstances, we think it was an abuse of discretion to dismiss the charges as de minimis infractions, without any indicators to show that each of these offenses was in fact an innocent, technical infraction, not actually causing or threatening any harm or evil sought to be prevented by HRS § 11-193 (Supp. 1972), or that the harm or evil caused or

threatened was so trivial to warrant the condemnation of conviction.

The argument of appellant that Hawaii Penal Code §236(1) (b) is unconstitutional because it contravenes the doctrine of separation of powers is untenable and without merit. The disposition of a case, whether civil or criminal, by the application of the maxim *"de minimis non curat lex"* is an exercise of judicial power, and nothing else. *Territory v. Fasi, supra;* 44 A.L.R., "De Minimis Non Curat Lex," 168. The fact that the maxim is spelled out in statutory form and made specifically applicable in a criminal case does not change the nature of the power — it is still a judicial power as distinguished from a legislative or executive power. *Cf. People v. Superior Court of San Mateo County,* 113 Cal. Rptr. 21, 520 P.2d 405 (1974); *People v. Davis, supra.*

Reversed and remanded for further proceedings not inconsistent with this opinion.

*Charlotte E. Libman,* Deputy Prosecuting Attorney *(Barry Chung,* Prosecuting Attorney, City & County of Honolulu, of counsel), for plaintiff-appellant.

*Victor Agmata, Jr.,* for defendants-appellees Alcon, Carr and Mina.

*James F. Ventura* for defendant-appellee Tiwanak.

### CONCURRING AND DISSENTING OPINION OF
### KOBAYASHI, J., WITH WHOM LEVINSON, J., JOINS

I concur with the opinion of the majority as to the remand for further proceedings to determine the propriety of dismissal of the charges as a *de minimis* infraction. However, I am of the opinion the remaining part of the judgment of the district judge should be affirmed, except as stated herein.

The opinion of the majority overlooks completely a critical portion of HRS § 11-193 (Supp. 1972) which provides in relevant part:

In case of any candidate . . . who was *not nominated* at the primary election as a candidate for the general election, the itemized statement of expenses shall be filed within twenty days following the primary election . . . (emphasis added).

Keeping in mind that a violation of HRS § 11-193 (Supp. 1972), constitutes a misdemeanor offense,[1] if the majority opinion prevails, a candidate in a primary election who is not certain of his nomination because of a delay in the certification of election results[2] or because of an election contest in court,[3] would be in violation of HRS § 11-193 (Supp. 1972), thus, committing a misdemeanor crime even before a determination is had as to his status — nominated or not nominated.

The majority opinion runs contra to the legislative prescription of avoiding statutory constructions which would

---

[1] *See* HRS §§ 19-6(1) and 19-7 (Supp. 1972).

[2] HRS § 11-2(a) (Supp. 1972) reads in relevant part:
The lieutenant governor shall be the chief election officer . . . .
HRS § 11-155 (Supp. 1972) reads:
§11-155 Certification of results of election. On receipt of certified tabulations from the election officials concerned, the chief election officer or county clerk in county elections shall compile, certify, and release the election results. The number of persons to be elected receiving the highest number of votes in any election district shall be declared to be elected.

[3] HRS § 11-174 (Supp. 1972) reads:
§11-174 Hearing, judgment. (a) In primary election contests the court shall hear the contest in a summary manner and at the hearing the court shall cause the evidence to be reduced to writing and shall within four days following the return give judgment fully stating all findings of fact and of law. The judgment shall decide what candidate was nominated or elected, as the case may be, in the manner presented by the petition, and a certified copy of the judgment shall forthwith be served on the chief election officer or the county clerk, as the case may be, who shall place the name of the candidate declared to be nominated on the ballot for the forthcoming general election. The judgment shall be conclusive of the right of the candidate so declared to be nominated: provided, that this subsection shall not operate to amend or repeal section 12-41.
(b) In cases involving general and special elections the complaint shall be heard by the circuit court in which the complaint was filed as soon as it reasonably may be heard. On the return day, the court, upon its motion or otherwise, may direct summons to be issued to any person who may be interested in the result of the proceedings.
At the hearing, the court shall cause the evidence to be reduced to writing and shall give judgment, stating all findings of fact and of law. The judgment may invalidate the general or special election on the grounds that a correct result cannot be ascertained because of a mistake or fraud on the part of the election inspectors; or decide that a certain candidate, or certain candidates, received a majority or plurality of votes cast and were elected. If the judgment should be that

lead to absurd results.[4]

In *Pacific Insurance Company v. Oregon Auto Insurance Company*, 53 Haw. 208, 211, 490 P.2d 899, 901 (1971), we stated:

> [*E*]*ven in the absence* of statutory ambiguity, departure from literal construction is justified when such construction would produce an absurd and unjust result and the literal construction in the particular action is clearly inconsistent with the purposes and policies of the act. (Emphasis added.)

I am of the opinion that HRS § 11-193 (Supp. 1972) must be construed with reference to HRS §§ 11-155 and 11-174 (Supp. 1972).[5]

The determinative factor in HRS § 11-193 is a candidate who is *"not nominated"*. The provisions of HRS §§ 11-155 and 11-174 (Supp. 1972) show clearly that, in the instant case, the certification of the lieutenant governor of the election results, even in a judicially contested case, determines whether or not a candidate is nominated. What is clear in HRS §§ 11-155 and 11-174 (Supp. 1972) aids in construing the clause "a candidate who is not nominated" and further makes it clear that a primary election is not concluded until the said certification is obtained. Any other construction would clearly be inconsistent with the purposes, policies and provisions of said HRS § 11-193 (Supp. 1972).

I therefore conclude that the district judge was correct in his construction of said HRS § 11-193 (Supp. 1972), save and

---

the general or special election was invalid, a certified copy thereof shall be filed with the governor, and he shall duly call a new election to be held within sixty days after the judgment is filed. *If the court shall decide which candidate or candidates have been elected a copy of that judgment shall be served on the chief election officer or county clerk, who shall sign and deliver to the candidate or candidates certificates of election, and the same shall be conclusive of the right of the candidate or candidates to the offices.* (Emphasis added.)

[4] HRS § 1-15(3) reads: "Every construction which leads to an absurdity shall be rejected."

[5] HRS § 1-16 reads:

Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another.

except, the court erred in generally excluding Saturdays and Sundays in its calculation of the twenty days.[6]

---

[6] HRS § 1-29 reads:
    The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday and then it is also excluded. (Prior to Supp. 1973.)