In the Matter of the Tax Appeal of
ROBERT PALK, Taxpayer

NO. 5576

NOVEMBER 12, 1975

RICHARDSON, C.J., KOBAYASHI,
OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

Robert Palk (appellant) appeals from a judgment of the tax appeal court. The question on this appeal is whether land dedicated under HRS § 246-12, for "specific ranching or other agricultural purposes", can be used concurrently as one's home and thus qualify for the property tax home exemption provided by HRS § 246-26. The tax appeal court concluded that the benefit of taxpayer's home exemption does not extend to land that has been dedicated. We affirm.

### STATEMENT OF THE CASE

On August 21, 1967, the appellant filed a petition with the Director of Taxation (director) for dedication of a 2.5 acre parcel of land (parcel or land) for "private, noncommercial agricultural use" pursuant to HRS § 246-12. Appellant lived on the parcel and had been using most of it to produce agricultural products for personal consumption.

The director approved the dedication of 2.386 acres of appellant's land but would not accept the remaining .114 acre which the director designated as appellant's "homesite".

Subsequently, appellant's parcel was assessed on two different bases for real property tax purposes. In tax year 1972, for example, the portion of appellant's land designated by the director as "homesite" was assessed as such at $6652 per acre, and the remaining 2.386 acres were assessed as agricultural land at $1750 per acre. More importantly, the director limited the application of appellant's § 246-26 home exemption only to the portion of the parcel designated as appellant's "homesite"; the dedicated portion was deemed unqualified for the exemption.

In 1972 the appellant was 77 years of age.

In the instant case, the appellant's home exemption exceeded the total assessed value of his 2.5 acre parcel of land.[1]

---

[1] (a)

| | | |
|---|---|---:|
| Dedicated land (2.386 acres at $1,750 per acre): | | $4,175 |
| "Homesite" land (.114 acre at $6,652 per acre): | | 758 |
| Buildings on "homesite" portion: | | 6,939 |
| Total assessed value | | $11,872 |

    (b) Appellant's home exemption: $20,000
    See HRS § 246-26(d) (Supp. 1974).

However, appellant was able to apply the home exemption only to the undedicated portion of his parcel of land. The director refused to allow application of appellant's home exemption to the dedicated portion of the parcel of land.

On September 12, 1972, appellant filed a Notice of Real Property Tax Appeal with the Board of Review for the First Taxation District. His principal objection was that the director denied him application of his multiple home exemption to the dedicated portion of his land. While the case was pending, the director increased the "homesite" from .114 acre to .250 acre. This increase in "homesite" reduced appellant's tax by including more of his land under the multiple exemption but still left him with some tax liability.

The Board of Review rendered a decision on May 7, 1973, affirming the director's position that appellant's multiple home exemption did not apply to the dedicated portion of his land. On appeal, the tax appeal court sustained the decision of the Board of Review.

Appellant appeals to this court. His principal contentions are that:

1. The tax appeal court's decision conflicts with the legislative intent to make § 246-12 complementary to the existing real property tax structure so as to encourage dedication of land;

2. The term "entire homestead" in HRS § 246-27 includes land dedicated for agricultural purposes and used as taxpayer's home, and so, dedicated land is still subject to the taxpayer's home exemption if it so qualified prior to dedication.

### RELEVANT STATUTES

A. HRS § 246-12 *Dedicated lands*, in pertinent parts, provides as follows:

§246-12 *Dedicated lands*. (a) A special land reserve is established to enable the owner of any parcel of land

within an agricultural district, a rural district, a conservation district, or an urban district to dedicate his land for a specific ranching or other agricultural use and to have his land assessed at its value in such use . . . .

(b) If any owner desires to use his land for a specific ranching or other agricultural use and to have his land assessed at its value in this use, he shall so petition the director of taxation and declare in his petition that his land can best be used for the purpose for which he requests permission to dedicate his land and that if his petition is approved he will use his land for this purpose.
. . . .

(c) The approval by the director of taxation of the petition to dedicate *shall constitute a forfeiture on the part of the owner of any right to change the use of his land for a minimum period of ten years,* automatically renewable indefinitely, subject to cancellation by either the owner or the director of taxation upon five years' notice at any time after the end of the fifth year. In case of a change in major land use classification by a state agency, such that the owner's land is placed within an urban district, the dedication may be cancelled within sixty days of the change, without the five years' notice, by mutual agreement of the owner· and the director of taxation.

(d) Failure of the owner to observe the restrictions on the use of his land shall cancel the *special tax assessment privilege* retroactive to the date of the petition, and all differences in the amount of taxes that were paid and those that would have been due from assessment in the higher use shall be payable with a five per cent a year penalty from the respective dates that these payments would have been due. . . . (Emphasis added.)

B.  HRS § 246-26 *Homes* (Supp. 1974), in pertinent parts, provides as follows:

§246-26 *Homes*. (a) Real property owned and occupied only as his or their home by any individual or individuals, shall be exempt only to the following extent from property taxes:

(1) Totally exempt where the value of the property is not in excess of $8,000;

(2) Where the value of such property is in excess of $8,000, the exemption shall be the amount of $8,000.

. . . .

(b) The use of a portion of any building or structure for the purpose of drying coffee and the use of a portion of real property, including structures, in connection with the planting and growing for commercial purposes, or the packing and processing for such purposes, of flowers, plants, or foliage, shall not affect the exemptions provided for by this section.

. . . .

(d) A taxpayer who is sixty years of age or over and who qualifies under subsection 246-26(a) shall be entitled to one of the following multiples of home exemption:

| Age of Taxpayer | Multiple to be Used in Computing Home Exemption |
|---|---|
| 60 years of age or over but not 70 years of age or over | 2.0 |
| 70 years of age or over | 2.5 |

For the purpose of this subsection, a husband and wife who own property jointly on which a home exemption under the provisions of subsection (a) has been granted shall be entitled to the applicable multiple of home exemption set forth above when at least one of the spouses qualifies each year for the applicable multiple of home exemption.

C. HRS § 246-27 *Home, lease, lessees defined* (Supp. 1974), states in part: "For the purpose of section 246-26, the word 'home' includes: (1) The entire homestead when it is occupied by the taxpayer as such."

OPINION

It is well established that "where there is no ambiguity in the language of a statute, and the literal application of the language would not produce an absurd or unjust result, clearly inconsistent with the purposes and policies of the statute, there is no room for judicial construction and interpretation, and the statute must be given effect according to its plain and obvious meaning." *State v. Park,* 55 Haw. 610, 614, 525 P.2d 586, 590 (1974); *Matson Terminals, Inc. v. Hasegawa,* 54 Haw. 563, 512 P.2d 1 (1973); *Twentieth Century Furniture, Inc. v. Labor & Industrial Relations Appeal Board,* 52 Haw. 577, 482 P.2d 151 (1971).

In our opinion the relevant provisions of HRS §§ 246-12, 246-26 and 246-27 are plain, clear and unambiguous. Furthermore, though we sympathize with appellant's dilemma, we fail to see, upon the literal application of the provisions of the statutes, any absurd or unjust result, which is clearly inconsistent with the purposes and policies of the statutes.[2]

Part of the relevant provisions of HRS § 246-12 provides as follows: Subsection (c), "The approval by the director of taxation of the petition to dedicate shall constitute a forfeiture on the part of the owner of any right to change the use of his land . . ."; Subsection (d), "Failure of the owner to observe the restrictions on the use of his land shall cancel the special tax assessment privilege retroactive to the date of the petition . . . ." Together these provisions make clear the legal effect of dedication upon appellant's rights concerning use of his dedicated land.

Accordingly, appellant in his attempt to take advantage of the special real property tax assessment privilege by dedicating his land pursuant to HRS § 246-12, caused a change in the permissible uses of the dedicated portion of his land. It is our

---

[2] The court cannot deem the disadvantageous tax consequence to appellant to be an "absurd or unjust result clearly inconsistent with the purposes and policies of the statute." The fact that the dedication of his land became disadvantageous to him in light of his large home exemption was a result of appellant's own isolated and voluntary act and not of poor legislative drafting.

opinion that the plain and obvious meaning of the relevant statutes is that the appellant has forfeited his right to use the dedicated portion of his land for any use, save and except the agricultural use under HRS § 246-12(b) for the period stated in HRS § 246-12(c). We, therefore, conclude that technically appellant's home, for home exemption purposes, has been constricted by operation of law to the undedicated portion of his parcel.

The dissent states "that actual use of the dedicated land for agricultural purposes prior to the dedication did not deprive the taxpayer of the home exemption as to the entire parcel." The dissent further states that "I can find no rationale upon which the fictional agricultural use can be given more significance in the present context than would be given to actual use of the land for agriculture."

In our opinion the prior actual use of the land for private agricultural use is not relevant in determining whether appellant is entitled to the home exemption. The relevant and determinative factor is appellant's act of dedicating his land for agricultural use to take advantage of the attendant special real property tax assessment privilege. HRS § 246-12. By this act of dedication, the appellant has changed the use of his land from home use to the purposes of the act of dedication. We cannot see any provision in the relevant statutes which shows a clear legislative intent granting appellant the right to claim the home exemption, while retaining the benefits resulting from the act of dedication.

The dissent relies heavily on the provision of HRS § 246-26(b) as providing appellant the dual tax benefits. We are of the opinion that the dissent's reliance on HRS § 246-26(b) is misplaced. Said § 246-26(b) in a definitive manner provides an owner with the home exemption notwithstanding the provision of HRS § 246-26(a) (2) (E).[3]

---

[3] HRS § 246-26(a) (2) (E) reads:

(E) That a person living on premises, a portion of which is used for commercial purposes, shall not be entitled to an exemption with respect to such portion, but shall be entitled to an exemption with respect to the portion thereof used exclusively as a home.

On the other hand, the provision of HRS § 246-12(c) clearly provides a forfeiture on the part of the owner of the land of any right to change the use of his land for a certain number of years.

*Stanley E. Levin* (Legal Aid Society of Hawaii of counsel) for Taxpayer-Appellant.

*Richard Y. Wada,* Deputy Attorney General, for Director of Taxation, Appellee.

DISSENTING OPINION OF KIDWELL, J.,
WITH WHOM RICHARDSON, C.J., JOINS

I respectfully dissent.

The questions raised in this case involve the relationship between the dedication provisions and the home exemption provisions of the real property tax law.

HRS § 246-12 provides that, with certain limitations, the owner of any parcel of land may "dedicate his land for a specific ranching or other agricultural use" and "have his land assessed at its value in such use" for real property tax purposes. Upon approval by the director of taxation of a petition to so dedicate a parcel of land, the owner is deemed to have forfeited for a minimum period any right to change the use of his land to a use other than agriculture, subject to provisions for cancellation. Except to provide that dedicated land shall be assessed at its value in the dedicated use, § 246-12 does not expressly provide with respect to its effect upon other provisions of the real property tax law of which it forms a part.

HRS § 246-26 provides that real property owned and occupied only as the "home" of a taxpayer shall be exempt from property taxes to the extent of a stated portion of its assessed value (the "home exemption"). Section 246-27 defines, for the purposes of the home exemption, the word "home" as including "the entire homestead when it is occupied by the taxpayer as such." It is conceded that the taxpayer's entire parcel of 2.50 acres would constitute his "homestead" if it were not for the dedication of 2.25 acres thereof.

The majority concludes that the dedication excluded any possibility of the use of the dedicated portion of the taxpayer's parcel as his home, as a necessary consequence of the limitation of the use of the dedicated land to agriculture. But this conclusion ignores the fact that actual use of the dedicated land for agricultural purposes prior to the dedication did not deprive the taxpayer of the home exemption as to the entire parcel. HRS § 246-26(b) provides:

"The use of . . . a portion of real property . . . in connection with the planting and growing for commercial purposes . . . of flowers, plants, or foliage, shall not affect the exemptions provided for by this section."

We start with the proposition, which is not contested, that the entire 2.50 acre parcel constituted the taxpayer's "homestead", as to the whole of which he was entitled to the home exemption, prior to the dedication. Had the taxpayer devoted the 2.25 acres to the agricultural uses mentioned in HRS § 246-26(b), without dedication, he would have continued to enjoy his home exemption with respect to the entire 2.50 acre homestead. I agree with the majority that a legal fiction of agricultural use was created by the dedication. However, I can find no rationale upon which the fictional agricultural use can be given more significance in the present context than would be given to actual use of the land for agriculture. I would view the dedication as affecting the application of the home exemption to the taxpayer's homestead to no greater extent than actual planting and cultivation of flowers, plants or foliage on the same land. In both circumstances, the entire homestead should continue to be subject to the home exemption, as the result of HRS § 246-26(b).

The majority concludes that only the dedication prevents inclusion of the whole of the taxpayer's parcel in the "homestead" with respect to which he is entitled to the home exemption. Since I find no justification in the statutory language for giving dedication this effect, I would reverse the judgment of the tax appeal court.