**REEFSHARE, LTD.**, a Hawaii corporation; and **ASSOCIATION OF APARTMENT OWNERS OF KONA REEF**, by its Board of Directors, Plaintiffs–Appellants, v. **RUSSEL S. NAGATA**, in his capacity as former Director of the Department of Commerce and Consumer Affairs of the State of Hawaii; **EVAN CLAIR HOOGS, MIKE LOVERNICH, MARY LOVERNICH, JOSEPH CURTIS TYLER, JR., THELMA WEEKS TYLER, WILLIAM HALL, MARTIN SHERMAN, JANET LOUISE SHERMAN, JOHN DOES 7–10, JANE DOES 8–10; DOE PARTNERSHIPS 1–10; DOE UNINCORPORATED ASSOCIATIONS 1–10; DOE CORPORATIONS 1–10; DOE NON–PROFIT CORPORATIONS 1–10;** and **DOE GOVERNMENTAL AGENCIES 1–10**, Defendants–Appellees

NO. 12522

(U.S.D.C. CIV. NO. 87–0024)

OCTOBER 6, 1988

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

I.

The United States District Court for the District of Hawaii has certified three questions of law to this court based upon the following certified facts:

Plaintiff Reefshare, Ltd. (Reefshare) seeks to be the developer of a time share ownership plan at the Kona Reef Condominium Project (the Project), consisting of 130 units, located in Kailua–Kona on the island of

Hawaii. Reefshare owns one condominium unit at the project and also serves as the agent for certain other unit owners who intend to transfer their ownership interests to a time share program called the Reefshare Ownership Plan.

During October 1985, the Reefshare owners requested, through the plaintiff Association of Apartment Owners of Kona Reef (plaintiff Association), that the Project's Declaration of Horizontal Property Regime of the Kona Reef (the Declaration) and attached By–Laws dated May 22, 1979, be amended to expressly permit and authorize time sharing at the Project.

A duly authorized meeting of the plaintiff Association was held on November 24, 1985, and continued to December 23, 1985. On December 23, 1985, the members of the plaintiff Association voted on the time . sharing issue with the following results:

|  | No. Units | % Units | % Common Interests |
| --- | --- | --- | --- |
| For time sharing | 105 | 80.88 | 79.44 |
| Against time sharing | 8 | 6.15 | 6.89 |
| Did not vote | 16 | 12.30 | 10.63 |
| Vote undetermined | 1 | .77 | 0.74 |

The Project's Declaration provided, and continues to provide, that any amendment thereto required the approval of the owners of not less than 75 per cent of the Project's common interest. In contrast, Hawaii Revised Statutes (HRS) § 514E–6(b) required, and continues to require, with various exceptions discussed below, that time sharing can occur in a condominium project only upon an unanimous vote of the project's unit owners.

Time share activities in the State of Hawaii are regulated by the Department of Commerce and Consumer Affairs (defendant Department) pursuant to Hawaii's Time Share Law Act of 1980, Chapter 186, section 1, as amended, codified at HRS § 514E–1 *et seq.* The developer of a time share plan must register with the Department in order to implement the Plan. *See* HRS § 514E–10.

Plaintiff Reefshare submitted its application for time share developer registration to the Department during June 1986, pursuant to HRS §§ 514E–9, –10. By letter dated November 5, 1986, defendant Russel S. Nagata, the former Director of the Department of Commerce and

Consumer Affairs, informed plaintiff Reefshare that its application for time share registration was denied. The denial was based solely upon HRS § 514E–6(b). This lawsuit arises out of that denial.

## II.

The certified questions as posed to this court read:

1. Was HRS § 514E–6(b) repealed by implication by the enactment of HRS § 514A–11(11) during 1982?

2. Is HRS § 514E–6(b) inapplicable to the present case because:

(a) if the statute applies to the Kona Reef condominium project, it is being applied retroactively because it alters, at least with respect to time sharing, voting requirements previously established in the project declaration and sanctioned by HRS § 514A–82(11); and

(b) such retrospective application was not "otherwise expressed or obviously intended" within the meaning of HRS § 1–3?

3. Until it was amended during December 1985, to expressly, or perhaps more expressly, authorize time sharing, the Kona Reef declaration provided:

USE. Except for the Resident Manager's Unit each apartment shall be occupied and used as a permanent or *temporary* residence and for no other purpose.

(Emphasis added). Does said section of the prior Kona Reef declaration satisfy the provision of HRS § 514E–6(b) that time share use may be created if, but not only if, "such use is explicitly and prominently authorized by the project instruments?"

## III.

We answer the first question in the negative. HRS §§ 514E–1, *et seq.* codifies Hawaii's Time Share Law, Act of 1980, Chapter 186, § 1, as amended, specifically governing time sharing in condominiums, cooperatives and planned use developments. HRS § 514E–6(b), enacted in 1980, provides that:

If the project in which the time share unit or time share plan is to be created is not a hotel and does not contain time share units or a time share plan, then such use may be created only if such use is explicitly and prominently authorized by the

project instruments, *or the project instruments are amended by unanimous vote of the unit owners to explicitly and prominently authorize time sharing.* (Emphasis added).

In contrast, HRS §§ 514A–1 *et seq.* codifies Hawaii's Horizontal Property Regime Law, Act of 1977, Chapter 98, section 2, as amended, generally governing condominiums in Hawaii. HRS § 514A–11(11), enacted in 1982, provides that:

The method by which he declaration may be amended, consistent with this chapter, provided that an amendment to the declaration *shall require a vote or written consent of not less than seventy-five per cent of all apartment owners, except as otherwise provided in this chapter.* (Emphasis added).

Reefshare argues that the unanimous vote requirement in HRS § 514E–6(b) was repealed by implication by the 75 per cent vote requirement subsequently enacted in 1982 in HRS § 514A–11(11). In support of its argument, Reefshare contends that because the legislature must have been aware of the unanimous vote requirement in § 514E–6(b) when it amended § 514–11(11) requiring the 75 per cent vote, the amendment must necessarily embrace the entire law on the subject of amendments to condominium declarations and therefore impliedly repealed the § 514E–6(b) voting requirement. Reefshare further argues that the exception to HRS § 514A–11(11), that it shall apply "except as otherwise provided in this chapter," is limited to HRS § 514A. The general rule is that repeals by implication are not favored and that if effect can reasonably be given to two statutes, it is proper to presume that the earlier statute is to remain in force and that the later statute did not repeal it. *State v. Pacariem*, 67 Haw. 46, 48, 677 P.2d 463, 465 (1984); *Costa Minors v. Flintkote Co.*, 42 Haw. 518, 529 (1958). Here, HRS § 514E–6(b) can be given full force and effect without contradicting or impairing the express provisions of HRS § 514A–11(11). The unanimous consent requirement of § 514E–6(b) does not conflict with the provisions of § 514A–11(11), since the latter statute does not prohibit the establishment of more stringent voting requirements in approving amendments to a project's declaration. HRS § 514A–11(11) merely establishes a *minimum* approval requirement of a 75 per cent vote.

Moreover, it is not clear that § 514A–11(11) is intended to embrace the entire law on declaration amendments. The provision's underlying legislative history indicates that § 514A–11(11) was amended by the 75

per cent voting requirement in specific response to the problem that its predecessor provision, HRS § 514–11(11),[1] did not specify any percentage of votes required to amend a declaration. Conf. Comm. Rep. No. 47–82, in 1982 House Journal, at 840. Nowhere in the legislative history is there any indication that § 514A–11(11) was meant to repeal the unanimity requirement of § 514E–6(b).

Indeed, it is curious that Reefshare argues that the unanimity voting requirement in § 514E–6 was repealed by implication in light of the fact that the provision was amended in 1987 by Act 276, § 2, adding subsection (c) relating to classification of condominiums as a hotel or hotel use, but leaving unchanged subsection (b) containing the unanimity requirement. Certainly, if the legislature intended to impliedly repeal the unanimity voting requirement in § 514E–6(b) by its 1982 amendment to § 514A–11(11), it would have deleted the unanimity language in its 1987 amendment to § 514E–6. The legislature's failure to do so could otherwise only be explained by an oversight on its part or by its intention to retain the unanimity voting requirement. We think the latter. As we stated long ago, courts will not presume an oversight on the part of the legislature where such presumption is avoidable. *Hamano v. Miyake*, 24 Haw. 12, 14 (1917). Here, no such presumption of legislative oversight is necessary as the voting requirements contained in HRS §§ 514E–6(b) and 514A–11(11) are not in conflict.

Finally, the "except as otherwise provided" language in HRS § 514A–11(11) can reasonably be concluded to encompass 514A and E as the one relevant chapter. This construction is logical as the legislature expressly indicated in HRS § 514A–2 that:

> *This chapter [514A] is in addition and supplemental to all other provisions of the Revised Statutes; provided that this chapter shall not change the substantive law relating to land court property*, and provided further that if this chapter conflicts with chapters 501 and 502, chapters 501 and 502 shall prevail. (Emphasis added).

---

[1] Old HRS § 514–11(11) provided that the declaration shall express the following particulars: "The method by which the declaration may be amended, consistent with this chapter."

## IV.

We answer the second question in the negative. HRS § 514E–6(a) and (b) reads as follows:

(a) If the project in which the time share unit or time share plan is to be created contains an existing time share unit or time share plan, then time share units and plans shall be regulated according to the terms of the project instruments.

(b) If the project in which the time share unit or time share plan is to be created is not a hotel and does not contain time share units or a time share plan, then such use may be created only if such use is explicitly and prominently authorized by the project instruments, or the project instruments are amended by unanimous vote of the unit owners to explicitly and prominently authorize time sharing.

Reefshare argues that § 514E–6(b) only applies to projects completed after the effective date of the statute, June 29, 1980. As a result, Reefshare asserts that (a) if the statute applies to the Kona Reef Condominium project it is being applied retroactively because it alters, at least with respect to time sharing, voting requirements previously established in the project's declaration; (b) such retrospective application was not "otherwise expressed or obviously intended" as required by HRS § 1–3;[2] and therefore (c) § 514E–6(b) cannot be applied to their application for time share registration.

It is well established that "where there is no ambiguity in the language of a statute, and the literal application of the language would not produce an absurd or unjust result, clearly inconsistent with the purposes and policies of the statute, there is no room for judicial construction and interpretation, and the statute must be given effect according to its plain and obvious meaning." *In re Palk*, 56 Haw. 492, 497, 542 P.2d 361, 364 (1975); *State v. Park*, 55 Haw. 610, 614, 525 P.2d 586, 590 (1974); *Matson Terminals, Inc. v. Hasegawa*, 54 Haw. 563, 565, 512 P.2d 1, 2 (1973).

---

[2] HRS § 1–3 provides that:

No law has any retrospective operation, unless otherwise expressed or obviously intended.

From the plain meaning of the language of HRS § 514E–6, the focus is upon whether the existing project[3] already has a time share unit or plan, or language in the project instruments authorizing such use. Subsection (a) contemplates situations where the project already has time sharing, and subsection (b) where the project does not. Reefshare clearly falls within the language of subsection (b), neither having time share units nor a time share plan on the statute's effective date of June 29, 1980.[4] Thus, there is no retroactive application of § 514E–6(b) to Plaintiffs. Section 514E–6(b) only operates prospectively, since it only requires time share plans established *after* June 29, 1980 to comply with the unanimity voting requirement, unless such use is explicitly and prominently authorized by the project instruments.

Moreover, the application of HRS § 514E–6(b) to Plaintiff's application for time share registration with the Department is consistent with the protective purpose and policy of the statute "that time sharing and transient vacation rentals should not be permitted where the life styles of the permanent residents will be disrupted in an unreasonable manner." Conf. Comm. Rep. No. 8–80, in 1980 Senate Journal, at 942 (1980).

Thus, the plain meaning of HRS § 514E–6 and its underlying legislative history require that we find the provision applicable to Plaintiffs. In so holding, we carry out our primary duty in interpreting and applying statutes, "[t]o ascertain the intention of the legislature and to implement that intention to the fullest degree." *State v. Ui*, 66 Haw. 366, 371, 663 P.2d 630, 633 (1983); *Keller v. Thompson*, 56 Haw. 183, 189, 532 P.2d 664, 669 (1975).

## V.

We also answer the third question in the negative. HRS § 514E–6(b) allows for the creation of a time share plan "if such use is explicitly and

---

[3]"Project" is defined in HRS § 514E–1 as including condominiums.

[4]It was not until December 23, 1985 that the plaintiff Association voted on the amendment to the Project's Declaration authorizing a time share plan.

Moreover, as we conclude in part V below, the use provision of the original Declaration does not authorize time share use of the project.

prominently authorized by the project's instruments." The original Kona Reef Project Declaration provided:

> USE. Except for the Resident Manager's Unit each apartment shall be occupied and used as a permanent or temporary residence and for no other purpose.

Nowhere in the original Declaration does the phrase "time share" appear. The issue thus presented is whether the language "temporary residence" explicitly and prominently authorizes time share use within the meaning of § 514E–6(b).

Reefshare argues that because the Declaration allows for use as a "temporary residence," a time share plan is explicitly and prominently authorized.

The requirement in § 514E–6(b) that a time sharing use be "explicitly and prominently authorized" in the declaration was intended by the legislature to ensure that the declaration give unequivocal notice to the project unit owners of the authorization for such use. Where the purpose of § 514E–6(b) is to protect the project owner's residential lifestyle, and the statute demands explicit notice as to a time sharing use, we will construe the project's declaration strictly so as to fully effectuate the protective intent of the legislature.

Here, it cannot be said that the term "temporary residence" gives unequivocal notice to Kona Reef unit owners that time sharing use is authorized. The word temporary modifies the word residence which does not encompass resort type uses such as time sharing. The legislature has defined "residential unit" under HRS § 514A–101 as:

> "Residential unit" means "apartment" as defined in section 514A–3, *but excludes*:
>
>> (1) Any apartment intended for commercial use; and
>>
>> (2) Any apartment designed and constructed *for hotel or resort use* which is located on any parcel of real property designated and governed by a county for hotel or resort use pursuant to:
>>
>>> (A) Section 46–4; or
>>>
>>> (B) Any other authority granted by law to a county.
>
> (Emphasis added).

This definition indicates the legislature's intention of differentiating between residential and resort units. Time sharing is a resort–type use, not a residential use. *See* Am. Jur. 2d *New Topic Service, Real Estate*

*Time–Sharing* § 1 (1981); Gunnar, *Regulation of Resort Time–Sharing*, 57 Or. L. Rev. 31 (1977); and Dubord, *Time–Share Condominiums: Property's Fourth Dimension*, 32 Maine L. Rev. 181 (1980). Thus, time sharing use is contrary to the meaning of residence set forth in the original declaration.

Plaintiffs argue that the § 514A–101 definition of "residential unit," however, is not relevant in construing the original declaration as that provision was enacted after the declaration was effective. Although enacted after the Kona Reef Declaration, the definition is persuasive in construing what the legislature intended to be language in a declaration sufficient to satisfy the explicitly and prominently authorized requirement of § 514E–6(b). This is particularly true in light of the fact that Act 189 (codified at § 514A–101) and Act 186 (codified at § 514E–6) were signed into law on the same day, May 30, 1980. Moreover, strictly construing the phrase "temporary residence" to not include time sharing use is consistent with carrying out the protective policy behind § 514E–6.

*A. Bernard Bays* (*Carl H. Osaki* with him on the briefs; Bays, Deaver, Hiatt, Kawachika & Lezak, of counsel) for Plaintiffs–Appellants.

*.Paul T. Tsukiyama*, Deputy Attorney General, for Defendant–Appellee Nagata.

*Kenneth A. Ross* (Goodsill, Anderson, Quinn & Stifel, of counsel) for Defendants–Appellees Lovernich, et al.