STATE OF HAWAII, Plaintiff-Appellee, *v.* JAMES OTIS PALAMA, Defendant-Appellant

NO. 7117

and

STATE OF HAWAII, Plaintiff-Appellee, *v.* HENDERSON K. AHLO, JR., Defendant-Appellant

NO. 7119

JUNE 18, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, JJ., AND RETIRED JUSTICE MARUMOTO, ASSIGNED BY REASON OF VACANCY

160

OPINION OF THE COURT BY LUM, J.

This appeal questions the authority of the trial court to revoke the probation of both appellants, James Otis Palama and Henderson K. Ahlo, Jr., under § 706-628, Hawaii Revised Statutes.

Sometime during the year 1977, both appellants, in separate criminal proceedings, were convicted and sentenced to five years probation. On May 31, 1978, while on probation, both appellants were jointly tried and convicted of murder under HRS § 707-701 and hindering prosecution under HRS § 710-1029, and both appealed their convictions. Immediately following their latest convictions, the State moved to revoke appellants' probations and to have them resentenced.

The trial court, after being satisfied that appellants had been sentenced for their May 31 convictions, granted the State's motion to revoke and sentenced each appellant to five years imprisonment.

Two specific contentions are made by appellants. First, they claim that since the underlying offenses (or criminal acts) which formed the basis for their May 31 convictions occurred on July 29, 1977, a date before appellants were placed on probation,[1] the trial court was without authority to revoke their probations, and, secondly, even assuming that the trial court had the authority to revoke their probations, because their convictions were being appealed and not final,[2] the revocation orders cannot stand.

I.

HRS § 706-628 states the following:

(1) At any time before the discharge of the defendant or the termination of the period of probation or suspension of sentence, the court, if satisfied that the defendant has inexcusably failed to comply with a substantial require- ment imposed as a condition of the order *or if he has been convicted of another crime,* may revoke the suspension or probation and sentence or resentence the defendant, as provided in subsection (2). (Emphasis added.)

(2) When the court revokes a suspension or proba- tion, it may impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted.

It is well settled and established in this jurisdiction that:

[W]here there is no ambiguity in the language of a statute, and the literal application of the language would not pro- duce an absurd or unjust result, clearly inconsistent with the purposes and policies of the statute, there is no room for judicial construction and interpretation, and the stat- ute must be given effect according to its plain and obvious meaning.

---

[1] It was stipulated that (1) the guilty verdicts which were returned against both appellants on May 31, 1978, stemmed from incidents alleged to have occurred on July 29, 1977; and (2) that oral notices of appeal from those guilty verdicts were entered by both appellants.

[2] *Supra* note 1.

*In re Tax Appeal of Palk*, 56 Haw. 492, 497, 542 P.2d 361, 364 (1975); *State v. Park*, 55 Haw. 610, 525 P.2d 586 (1974); *Matson Terminals, Inc. v. Hasegawa*, 54 Haw. 563, 512 P.2d 1 (1973); *Twentieth Century Furniture, Inc. v. Labor & Industrial Relations Appeal Board*, 52 Haw. 577, 482 P.2d 151 (1971). *Accord, State v. Sylva*, 61 Haw. 385, 605 P.2d 496 (1980). Ambiguity exists where there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute; when the language is plain and unmistakable, the court is bound by the plain, clear and unambiguous language of the statute. *Id*. at 388, 605 P.2d at 498; *Matter of Grayco Land Escrow, Ltd.*, 57 Haw. 436, 559 P.2d 264 (1977), *cert. denied*, 433 U.S. 910 (1977).

In our opinion, the language of HRS § 706-628(1) is plain, clear and unambiguous. It provides a sentencing court with the authority to revoke the probation of a defendant at any time before the termination of the period of probation if the defendant "has been convicted of another crime." The literal application of HRS § 706-628(1) to the case at hand does not produce an absurd or unjust result which is clearly inconsistent with the purpose and policies of the statute.

Appellants contend that revocation of probation is only authorized under HRS § 706-628 when a defendant is convicted of a crime which he committed while on probation. In support of their contention, appellants argue that HRS § 706-626(3)[3] and its commentary[4] indicate that the statutes on

---

[3] HRS § 706-626 provides in relevant part that:

At any time before the discharge of the defendant or the termination of the period of probation or suspension of sentence:

. . . . .

(3) The court, if there is probable cause to believe that the defendant has committed another crime or if he has been held to answer therefor, may commit him without bail, pending a determination of the charge by the court having jurisdiction thereof.

[4] Commentary to HRS § 706-626 provides in relevant part that:

. . . .

Subsection (3) is addressed to the problem presented by a defendant who is on probation or under suspended sentence and who is accused or charged with commission of another crime. The commission of a crime while on probation or

probation are concerned with offenses committed after a defendant is placed on probation and, therefore, the term "convicted of another" in HRS § 706-628(1) refers only to such crimes.

HRS § 706-626(3) should not be read as appellants contend. HRS § 706-626(3) and HRS § 706-628(1) each addresses a situation and issue which are separate and distinct from the other. Any implications which may arise from HRS § 706-626(3) and its commentary cannot be used to define the language of HRS § 706-628(1) which we have already held, *supra*, to be clear and unambiguous.

Appellants further argue that the purpose and policy of the statute on probation are directed towards the concern over a defendant's future conduct and, therefore, only future acts of a defendant should concern the sentencing court once probation has been imposed. Upon the application of sound policy, we must reject appellants' contention.

The underlying concern of probation is whether that action will "subserve the ends of justice and the best interests of both the public and the defendant." *Burns v. United States*, 287 U.S. 216, 221 (1932), quoted in *State v. Huggett*, 55 Haw. 632, 635, 525 P.2d 1119, 1122 (1974). Among the particular concerns expressed by the probation statutes and their commentaries are whether the defendant will pose a "future danger" to the community and whether there is undue risk that the defendant will commit another crime. Commentary to HRS § 706-621; HRS § 706-620(1). Further, "[p]ublic policy demands that a court have the power to terminate probation when, in the exercise of sound judgment, it becomes apparent

---

under suspension of sentence would, in most cases, constitute a violation of a condition of probation or suspension. The question thus presented is whether the issue of guilt, with respect to the most recent crime, should be tried informally as a violation of a condition of suspension or probation or whether the issue should be tried independently. The Code resolves this question by providing that the defendant may be held pending an independent or formal determination by the court having jurisdiction over the charge, thus preserving for the defendant all procedural rights. This subsection must be read in conjunction with § 706-628(1) which provides for revocation in cases where the defendant "has been *convicted* of another crime." (Emphasis added.)

that a defendant's probation jeopardizes the safety of other citizens." *People v. Pinon*, 35 Cal. App.3d 120, 124, 110 Cal. Rptr. 406, 409 (1973). The courts, in determining whether a defendant is deserving of his probationary status, have not limited their review of a defendant to his actions while on probation. *See People v. Pinon*, 35 Cal. App.3d 120, 110 Cal. Rptr. 406; *United States v. Ecton*, 454 F.2d 464 (9th Cir. 1972); *Trueblood Longknife v. United States*, 381 F.2d 17 (9th Cir. 1967); *United States v. Ross*, 503 F.2d 940 (5th Cir. 1974). Here, in revoking the probations of appellants pursuant to his authority under HRS § 706-628(1), the judge of the trial court achieved a result which was in accordance with sound policy.

II.

Appellants next contend that the sentencing court was in error in revoking their probations based upon judgments of conviction which were not yet final as the convictions were still awaiting appellate review. This view is held by at least three jurisdictions. *Ledee v. State*, 342 So.2d 100 (Fla. App. 1977); *Kern v. State*, 521 P.2d 412 (Okla. 1974); *Harris v. State*, 169 Tex. 71, 331 S.W.2d 941 (1960). We do not agree.

Historically, probation being a matter of grace or privilege and not a matter of right, all that has been required for revocation of probation has been that the court was satisfied that the defendant was unworthy of probation. *Burns v. United States, supra* at 220; *Trueblood Longknife v. United States, supra; United States v. Nagelberg*, 413 F.2d 708 (2nd Cir. 1969), *cert. denied*, 396 U.S. 1010 (1970); *United States v. Markovich*, 348 F.2d 238 (2nd Cir. 1965). Where revocation has been based upon felonious conduct, it has been held that the constitution does not require that proof of such conduct be sufficient to sustain a criminal conviction. *Roberson v. Connecticut*, 501 F.2d 305, 308 (2nd Cir. 1974). This jurisdiction, however, requires that where revocation of probation is based on the commission of another crime, the commission must be established by a conviction. HRS § 706-628(1). The purpose here is to preserve for the defendant all his procedural rights he is accorded in a formal criminal trial for his

new charge which is the basis for his probation revocation. Commentary to HRS § 706-626(3); *ABA Project on Standards for Criminal Justice, Standards Relating to Probation* § 5.3 at 63-64 (Approved Draft 1970).

We take the view, therefore, that a conviction, even though on appeal, is a complete conviction for the purposes of revocation of probation under HRS § 706-628(1). In so doing, we agree with the holding of the Second Circuit in *Roberson v. Connecticut, supra,* that:

> A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review.

*Id.* at 308.

The judgment of the trial court is accordingly affirmed.

*Lionel T. Oki (Mark M. Nomura* and *Lorna A. Nishimitsu* on the briefs), Deputy Public Defenders, for defendants-appellants.

*Arthur E. Ross (Faye M. Koyanagi* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.