STATE OF HAWAII, Plaintiff-Appellant, *v.* HERBERT CORREIA, JR., Defendant-Appellee

NO. 9986

(CIVIL NO. 55387)

SEPTEMBER 5, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order denying revocation of probation. We reverse.

Appellee pled guilty to a four-count indictment and was sentenced to five years probation on December 3, 1981. On May 3, 1984 the State brought a motion for revocation of his probation based upon a prosecutor's affidavit attesting that on March 28, 1984 appellee was found guilty of the offense of attempted theft of the first degree in Criminal No. 59193 before the Honorable Ronald B Greig.

The motion for revocation of probation came on for hearing before the said Honorable Ronald B. Greig, and appellee introduced in evidence Exhibits A, C, and D, being letters asking for consideration to be given to appellee in connection with his sentencing in Criminal No. 59193.

The State's motion was based upon HRS § 706-628 which provides:

(1) At any time before the discharge of the defendant or the termination of the period of probation [or] suspension of sentence, the court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if the defendant has been convicted of another crime, may, but if convicted of a felony, shall, revoke the suspension or probation and sentence or resentence the defendant, as provided in subsec-

140

tion (2).

(2) When the Court revokes a suspension or probation, it shall impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted.

Notwithstanding the mandatory language of the statute just quoted, the court below denied the motion. In so doing, it erred, and we reverse.

Appellee argues that there is no evidence of his conviction in Criminal No. 59193. The answer to that is that there is unobjected to evidence of such conviction in the affidavit attached to the motion and in the exhibits submitted by appellee himself.

Reversed and remanded for further proceedings consistent herewith.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellant.

*James F. Nagle* and *Bambi E. Weil (Shim, Tam, Kirimitsu, and Naito* of counsel) on the brief for defendant-appellee.