*Gregory P. Conlan* (*Chun, Kerr & Dodd* of counsel) for plaintiff-appellee.

STATE OF HAWAII, Plaintiff-Appellee, *v.* SAMUEL KAMA KALA, Defendant-Appellant

NO. 10778

(CRIMINAL NO. 5039(1))

APRIL 14, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY HEEN, J.

The dispositive issue in this appeal is whether the circuit court was authorized under Hawaii Revised Statutes (HRS) § 706-628 (Supp. 1984)[1] to "extend," prior to its expiration, Samuel Kama Kala's (Defendant) period of probation for another two years. We vacate the order of "extension" and remand for further proceedings.

Defendant was originally sentenced on February 2, 1978, to probation for a term of five years, pursuant to HRS § 706-623 (1976)[2] for the

---

[1]Hawaii Revised Statutes (HRS) § 706-628 set forth in the HRS 1984 Supplement provides:

Revocation of probation or suspension of sentence; resentence. (1) At any time before the discharge of the defendant or the termination of the period of probation [or] suspension of sentence, the court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if the defendant has been convicted of another crime, may, but if convicted of a felony, shall, revoke the suspension or probation and sentence or resentence the defendant, as provided in subsection (2).

(2) When the court revokes a suspension or probation, it shall impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted.

When originally enacted, HRS § 706-628(1) did not contain the provision making it mandatory to revoke probation upon conviction of a felony. Act 9, § 1, 1972 Haw. Sess. Laws 32, 76. The provision was added by Act 156, § 2, 1980 Haw. Sess. Laws 235, 235-236. In 1985, HRS § 706-628 was repealed and its provisions were incorporated in HRS § 706-625(c) and (e). Act 192, § 1, 1985 Haw. Sess. Laws 327, 327-328.

[2]HRS § 706-623 (1976) provides:

Period of suspension of sentence or probation. When the court has suspended sentence or has sentenced a defendant to be placed on probation, the period of the suspension or probation shall be five years upon conviction of a felony, one year upon conviction of a misdemeanor, or six months upon conviction of a petty misdemeanor, unless the defendant is sooner discharged by order of the court. The court, on application of a probation officer or of the defendant, or on its own motion, may discharge the defendant at any time.

offense of Burglary In the Second Degree, a class C felony. HRS § 708-811 (1976). Thus, his period of probation would have expired on February 2, 1983. As a special condition of probation,[3] he was ordered to make restitution to the victim of his crime in the amount of $1,650.00, payable in installments of $50 a month.

On October 12, 1982, the State filed a motion in the circuit court for an order to Defendant to show cause why he should not be imprisoned and his restitution increased for violating the terms and conditions of his probation. The motion was heard on May 11, 1983, and orally granted. The minute order for that date indicates that Defendant was "placed on probation until December 31, 1984," and his monthly restitution installments were increased to $75. The probation was to terminate if restitution was made in full before December 31, 1984. The written order conforming to the circuit court's oral decision was not filed until June 25, 1984.

On May 3, 1984, Defendant moved the circuit court to modify the conditions to eliminate the restitution payments on the basis that the victim could not be found and restitution could not be made to her. On

---

[3]Under HRS § 706-624 (Supp. 1984), the sentencing court is authorized to impose conditions to be observed by a defendant who is sentenced to probation. At the time of sentencing, the statute read in pertinent part as follows:

Conditions of suspension of sentence or probation. (1) When the court suspends the imposition of sentence on a person who has been convicted of a crime or sentences him to be placed on probation, it shall attach such reasonable conditions, authorized by this section, as it deems necessary to insure that he will lead a law-abiding life or likely to assist him to do so.

(2) The court, as a condition of its order, may require the defendant:

\* \* \*

(h) To make restitution of the fruits of his crimes or to make reparation, in an amount he can afford to pay, for the loss or damage caused thereby[.]

\* \* \*

(3) When the court sentences a person who has been convicted of a felony or misdemeanor to be placed on probation, it may require him to serve a term of imprisonment not exceeding six months as an additional condition of its order. The court may order that the term of imprisonment be served intermittently.

In 1978, § 706-624(3) was amended to allow a sentencing court to impose a one-year term of imprisonment as an additional condition of probation when sentencing a defendant to probation upon conviction of a felony. Act 224, § 1, 1978 Haw. Sess. Laws 459. The amendment became effective June 5, 1978, after Defendant was sentenced. A further amendment to the section in 1984 is not pertinent to this case. Act 257, § 2, 1984 Haw. Sess. Laws 577, 578.

July 10, 1984, the circuit court entered its written order setting aside the restitution condition and fining Defendant $200. However, the period of probation was ordered extended to December 31, 1984, and if the victim was located the restitution was ordered re-established.

On December 7, 1984, the State once again moved to reinstate the restitution and extend the probation period so that Defendant could make restitution to the victim's insurance company, which had reimbursed her for her loss. The motion was granted on January 29, 1985, and probation was "extended" until December 28, 1986. Defendant's motion for reconsideration was denied and he timely appealed.

Defendant argues that the five-year probation period authorized by the penal code is an absolute period that cannot be extended under HRS § 706-628(2). We agree with Defendant.

The question is one of legislative intent, and in determining that intent statutory language must be read in the context of the entire statute and construed in a manner consistent with the purposes of the statute. *Hawaiian Airlines, Inc. v. State,* 68 Haw. ___, 716 P.2d 1138 (1986).

On its face, the language of HRS § 706-628(2) is ambiguous as to whether the legislature intended that a court could revoke one probation and then impose another five-year probation sentence. However, legislative history of the other relevant statutes, in particular HRS § 706-627 (Supp. 1984), reveal that the legislature did not intend that result.

HRS § 706-627[4] provides in pertinent part:

Notice and hearing on revocation of suspension of sentence or probation, or increasing the conditions thereof; tolling of suspension of sentence or probation. (1) The court shall not revoke a probation or suspension of sentence or increase the requirements imposed thereby on the defendant except after a hearing upon written notice to the defendant of the grounds on which such action is proposed. The defendant shall have the right to hear and controvert the evidence against him, to offer evidence in his defense, and to be represented by counsel.

(2) Upon the filing of a motion to revoke a probation or suspension of sentence or a motion to increase the requirements imposed thereby, the period of probation or suspension of sentence shall be

---

[4]In 1985, the section was amended to delete subsection 1, which was incorporated into HRS § 706-625 (Compilation 1985). Act 192, § 2, 1985 Haw. Sess. Laws 327, 328.

tolled pending the hearing upon the motion and the decision of the court. The period of tolling shall be computed from the filing date of the motion through and including the filing date of the written decision of the court concerning the motion for purposes of computation of the remaining period of probation or suspension, if any. In the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court. During the period of tolling of the probation or suspension, the defendant shall remain subject to all terms and conditions of the probation or suspension except as otherwise provided by this chapter.

(3) In the event the court, following hearing, refuses to revoke the probation or suspension or grant the requested increases in requirements thereof because the defendant's failure to comply therewith was excusable, the defendant may be granted the period of tolling of the probation or suspension for purposes of computation of the remaining probation or suspension, if any.

In 1977, HRS § 706-627 was amended to include subsections (2) and (3). Act 106, § 1, 1977 Haw. Sess. Laws 189. In supporting the amendment, the Committees on the Judiciary of both houses of the legislature reported as follows:

The purpose of this bill is to amend the existing law by providing for tolling of the period of probation or suspension of sentence whenever a motion to revoke a probation or suspended sentence is filed or a motion to increase the requirements imposed is filed. The period of probation or suspended sentence is to be tolled pending the hearing upon the motion and the decision of the court. Your Committee was informed that under present law it is possible for a person's period of probation or suspended sentence to run out pending a revocation hearing, thus making him a free man, even though he may have committed acts justifying revocation of probation or suspended sentence.

Hse. Stand. Comm. Rep. No. 450, in 1977 House Journal, at 1495; Sen. Stand. Comm. Rep. No. 1105, in 1977 Senate Journal, at 1295.

In our view, the amendments indicate the legislature considered the five-year probation period to be the maximum period. Under HRS § 706-628(2), in the event during his probation the defendant fails to meet the conditions imposed on him, his probation may be revoked and

he may be resentenced.[5] In the alternative, where the probation is not revoked, stricter conditions may be imposed. HRS § 706-625 (1976).[6] To guard against the defendant's probation period running out before he has satisfactorily complied with the conditions, the legislature provided for the tolling of the period of probation during the time the court is determining whether probation should be revoked. Where probation is not revoked, the court is given discretion to credit the defendant with the period of tolling in computing the remaining probationary period. HRS § 706-627(3).[7] Where the court refuses to do so, the period of tolling is, in effect, added to the term of probation. We find nothing in any of the statutes indicating a legislative intent to allow the courts to extend the probation for another five-year term or for any term beyond the tolling period of HRS § 706-627(2).

Construing the relevant statutes together, we hold that, upon revoking a defendant's probation the sentencing court may mete out the maximum prison term allowed for the offense for which the defendant was convicted, or may impose a fine. But the sentencing court may not revoke probation and impose a new term of probation. The approach espoused by the prosecutor would give the courts the power to sentence a defendant to an indeterminate, possibly interminable, period of probation. Such a construction would lead to an absurd and unjust result

---

[5] We note that on May 11, 1983, when the State's October 12, 1982 motion was heard and decided, HRS § 706-624(3) had been amended to allow a sentencing court to impose as a special condition of probation that a convicted felon be imprisoned for a period up to one year. *See* note 3, *supra.* Under the language of HRS § 706-628(2), we hold that the sentencing court is empowered to impose the penalty or condition authorized at the time of the original sentencing, and may not impose a severer penalty enacted in the meantime.

[6] HRS § 706-625 (1976) provides as follows:
Modification of conditions. During a period of probation or suspension of sentence, the court, on application of a probation officer or of the defendant, or on its own motion, may modify the requirements imposed on the defendant or add further requirements authorized by section 706-624.
The section was amended in 1985 to incorporate the provisions of §§ 706-627(1), and -628(1) and (2). Act 192, § 1, 1985 Haw. Sess. Laws 327, 328.

[7] In 1980, the legislature recognized that the present law gave the defendants an unfair advantage by giving them mandatory credits for their tolling period toward their sentence, although they were not abiding by the terms of their sentence. Sen. Stand. Comm. Rep. 753, in 1980 Senate Journal, at 1364. Thus, the statute was amended to give the court discretionary powers as to whether or not to grant the defendant the period of tolling in computing the remaining probationary period. Act 156, § 1, 1980 Haw. Sess. Laws 235.

clearly inconsistent with the purposes and policies of the statutes, and cannot be sustained. *Chun v. Liberty Mutual Insurance Co.,* 5 Haw. App. 290, 687 P.2d 564 (1984). We have no hesitation in holding that that was not the legislature's intention.

In the instant case, the lower court refused to revoke Defendant's probation. Instead, it imposed more stringent conditions on him. Under § 706-627(2) Defendant's period of probation was tolled, from the time of the filing of the motion to revoke probation on October 12, 1982, to the hearing on May 11, 1983,[8] a period of seven months. For purposes of this opinion, we will assume that the lower court determined not to credit Defendant with the tolling period.

Consequently, Defendant's probation expired on September 2, 1983. On that date, Defendant was discharged, HRS § 706-630 (1976), and the court had no further jurisdiction over him. All orders of the court thereafter were illegal and unenforceable, including the January 29, 1985, order to make restitution to the victim's insurance company. Consequently, we need not rule on the question whether the insurance company was entitled to restitution as a "victim" of Defendant's crime.

That part of the circuit court's order of May 11, 1983, extending the Defendant's probation period to December 31, 1984, is vacated. All of the circuit court's orders after September 2, 1983, are also vacated. The matter is remanded with instructions to the circuit court to conduct a hearing to determine whether or not the victim can now be found. If not, the money paid by Defendant as restitution should be returned to him.

*Richard W. Pollack,* Deputy Public Defender, for defendant-appellant.

*Artemio C. Baxa, (David S. Fukuoka* and *Ruby A. Hamili* with him on the brief) Deputy Prosecuting Attorneys, County of Maui, for plaintiff-appellee.

---

[8]The language of § 706-627(2) that, "[i]n the event the court fails to file a written decision upon the motion, the period shall be computed by reference to the date the court makes a decision upon the motion in open court[,]" is broad enough to allow the tolling period in the instant case to be cut off at May 11, 1983. It would be unjust to allow the tolling period to continue to run until the written order was filed on June 25, 1984, since it was the State's responsibility as prevailing party to prepare the order for signature under Rule 23, Rules of the Circuit Court (1981).