**STATE OF HAWAII**, Plaintiff–Appellee, v. **HERBERT I. VILORIA**, Defendant–Appellant

NO. 12331

(CR. NOS. 50558, 50563, 53589, 53590)

SEPTEMBER 1, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendant Herbert Viloria appeals from the lower court's June 30, 1987 revocation of probation and resentencing to imprisonment on the ground that the lower court lacked jurisdiction. Relying upon *State v.*

*Kala*, 6 Haw. App. 253, 718 P.2d 1117 (1986), Defendant argues that once probation is revoked, a new term of probation may not be imposed. As discussed below, we disagree with the rationale of *Kala* and therefore we decline to adopt it. We find that the lower court had jurisdiction to impose a sentence of imprisonment on June 30, 1987, and therefore, affirm Defendant's sentence.

I.

On June 5, 1980, Defendant was convicted of two counts of Robbery in the First Degree (Hawaii Revised Statutes (HRS) § 708–840 (1976)); two counts of Kidnapping (HRS § 707–720); and one count of Unauthorized Control of a Propelled Vehicle (HRS § 708–836) and was sentenced to five years probation. On August 11, 1980, Defendant was also convicted of one count of Possession of a Firearm by a Person Convicted of Certain Crimes (HRS § 134–7(b) (1976)) and two counts of Robbery in the Second Degree (HRS § 708–841 (1976)). Defendant was sentenced to five years probation for these offenses.

On April 13, 1982, the lower court granted Defendant's motion to modify probation under HRS § 706–625 (1976) and ordered probation to run anew from March 24, 1982, in all four cases. On July 17, 1984, the State moved to revoke Defendant's probation under HRS § 706–628 (Supp. 1984). On January 3, 1985, the lower court found that Defendant inexcusably failed to comply with substantial requirements of probation, revoked his probation, and resentenced him to concurrent imprisonment.

On March 1, 1985, Defendant moved for reconsideration under Hawaii Rules of Penal Procedure (HRPP) Rule 35. On April 3, 1985, the lower court granted his motion and reduced sentence to five years probation with identical terms in each of the four cases.

On June 30, 1987, upon the State's motion under HRS § 706–625 (Supp. 1987), the lower court found that Defendant violated substantial terms of probation and revoked its April 3, 1985 probationary sentence. The court imposed a sentence of imprisonment with the terms being identical to those originally imposed on January 3, 1985.

## II.

The first issue on appeal is whether the lower court had jurisdiction to resentence Defendant on June 30, 1987. A sentencing court has jurisdiction to revoke a sentence of probation up until the termination of probation. *State v. Palama*, 62 Haw. 159, 612 P.2d 1168 (1980).

Defendant argues that the lower court did not have jurisdiction to resentence him on June 30, 1987, because the five year probationary sentence originally imposed in 1980 and extended in 1982 terminated in August of 1986. Resolution of the second issue answers the question of jurisdiction in the affirmative.

## III.

The second issue on appeal is whether a sentencing court has the discretion to revoke a sentence of probation and reimpose another sentence of probation resulting in a total length of probation greater than the statutory maximum. *See* HRS § 706–623.

Defendant argues that a sentencing court may not revoke a sentence of probation and reimpose another sentence of probation. *State v. Kala*, 6 Haw. App. 253, 718 P.2d 1117 (1986). He avers that the only alternatives the sentencing court has are to either modify probation by imposing further conditions under HRS § 706–625(a) (1976) or to revoke probation and sentence him to imprisonment under HRS § 706–628 (Supp. 1984).

In *State v. Kala*, 6 Haw. App. 253, 718 P.2d 1117 (1986), the Intermediate Court of Appeals interpreted HRS § 706–625 (1976)[1] to require that "upon revoking a defendant's probation the sentencing court may mete out the maximum prison term allowed for the offense for which the defendant was convicted, or may impose a fine. But the sentencing court

---

[1] HRS § 706–625 (1976) reads as follows: "**Modification of conditions.** During a period of probation or suspension of sentence, the court, on application of a probation officer or of the defendant, or on its own motion, may modify the requirements imposed on the defendant or add further requirements authorized by section 706–624." This section was amended in 1985 to incorporate HRS §§ 706–627(1), 706–628(1) and (2). Act 192, § 1, 1985 Haw. Sess. Laws 327, 328.

may not revoke probation and impose a new term of probation." *Id.* at 258, 718 P.2d at 1121. The ICA reasoned that a reimposition of probation after revocation of the same would allow "an indeterminate, possibly interminable, period of probation." *Id.* The court concluded that this result was not the intention of the legislature. We disagree.

If a statute is clear and unambiguous on its face, and does not lead to an absurd result, then the statute must be given the plain and obvious interpretation. *State v. Palama*, 62 Haw. 159, 612 P.2d 1168 (1980). HRS § 706–628(2) (Supp. 1984) requires the sentencing court to impose *"any* sentence that might have been imposed originally for the crime of which he was convicted." (Emphasis added).[2] Probation was authorized as an appropriate sentencing option in 1980 when Defendant was originally sentenced. *See* HRS § 706–620 (1976).[3]

In 1985, when the sentencing court revoked Defendant's probation and reimposed another five year probationary sentence, the law required such a revocation in two situations. The probationer either must have inexcusably failed to comply with a substantial requirement of probation or have been convicted of a felony. HRS § 706–628(1) (Supp. 1984). *See State v. Correia*, 68 Haw. 139, 705 P.2d 1045 (1985); *State v. Nakamura*, 59 Haw. 378, 581 P.2d 759 (1978). Generally, such a violation of the terms of probation indicates that the probationer has not yet received the full

---

[2] In 1985 HRS § 706–628 was repealed and subsection (2) was incorporated verbatim into HRS § 706–625(e) except that it made imposition of sentence discretionary rather than mandatory. In 1986 the statute was again amended to delete suspension of sentence. HRS § 706–625(e) (1985 and Supp. 1987) presently reads as follows: "When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted." Therefore, the analysis of this opinion is not affected by the several changes in this statute.

[3] In 1986 the legislature changed the focus of HRS chapter 706, part II, from one of rehabilitation to one of deterrence. Conf. Comm. Rep. No. 51–86, in 1986 House Journal, at 937, 938; HRS § 706–620 (Supp. 1987). This legislative policy shift affects a sentencing court's discretion by excluding probation for (1) persons convicted of first and second degree murder as well as attempted first and second degree murder; (2) persons convicted of class A felonies; (3) repeat offenders; and (4) firearm offenders. It should be noted, however, that the legislature had already excluded class A felons from receiving probation in 1980. HRS § 706–659 (Supp. 1984).

rehabilitative benefit that probation is designed to induce. Therefore, in our view, the sentencing court has three alternatives. The court may (1) modify the terms of probation; (2) revoke probation and sentence him to imprisonment; or (3) revoke probation and resentence him to another term of probation.

If we were to accept the ICA's reasoning in *Kala* and the arguments of Defendant, the discretion of the sentencing court would be unduly restricted to options (1) and (2). Under this reasoning, where Defendant had only 16 months remaining on the original probationary term, the sentencing court would be faced with the alternative of either increasing the strictness of the probation for these remaining months or imprisoning him. If the court felt that the remainder of the probationary term was too short to obtain its rehabilitative objectives, the court would be forced to imprison the Defendant. Given the legislative policy favoring the withholding of imprisonment when it is inappropriate, and the clear language of the statute, we hold that a sentencing court has the discretion to revoke a probationary sentence and reimpose another sentence of probation if the court determines that another term of probation is the better sentencing alternative.

The Ninth Circuit Court of Appeals interprets the federal probation statutes[4] to authorize a sentencing court to revoke a probationary sentence and reimpose another term of probation. *Nicholas v. United States*, 527 F.2d 1160 (9th Cir. 1976). The *Nicholas* court reasoned that probation was within the definition of "sentence" in the applicable statute.[5] The court stated that it found "no merit to the argument that a federal court

---

[4] The pertinent statutes are 18 U.S.C. §§ 3651 and 3653 (repealed 1987). "The period of probation, together with any extension thereof, shall not exceed five years." 18 U.S.C. § 3651 (repealed 1987).

"[T]he court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653 (repealed 1987).

Congress replaced 18 U.S.C. § 3653 with 18 U.S.C. § 3565 (1982 and Supp. IV 1986).

[5] 18 U.S.C. § 3653 (repealed 1987).

cannot reinstate probation as part of the punishment assigned, when probation is revoked and deferred sentencing takes place." *Nicholas*, 527 F.2d at 1162 (*quoting Smith v. United States*, 505 F.2d 893, 895 (5th Cir. 1974)). *See United States v. Hill*, 719 F.2d 1402, 1404 (9th Cir. 1983). The fifth and eighth circuits agree with this position. *United States v. Olivares–Martinez*, 767 F.2d 1135, 1137 (5th Cir. 1985); *Smith v. United States*, 505 F.2d 893, 894–95 (5th Cir. 1974); *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir. 1981); *United States v. Rodgers*, 588 F.2d 651, 654 (8th Cir. 1978). *Cf. United States v. Martin*, 786 F.2d 974, 975 (10th Cir. 1986); *Fox v. United States*, 354 F.2d 752, 753–54 (10th Cir. 1965). Several states that have considered this issue have resolved the question in favor of the reimposition of probation after revocation of the original probationary term. *In re Hamm*, 133 Cal. App. 3d 60, 183 Cal. Rptr. 626 (Cal. Ct. App. 1982); *Commonwealth v. Burrell*, 497 Pa. 367, 441 A.2d 744 (1982); *cf. Christian v. State*, 62 Md. App. 296, 489 A.2d 64 (1985).

## IV.

Therefore, in April of 1985, the sentencing court properly exercised its discretion under HRS § 706–628 (Supp. 1984) when it revoked Defendant's probation and reimposed another sentence of probation. It follows that the sentencing court had jurisdiction to revoke Defendant's probation and impose a sentence of imprisonment on June 30, 1987. HRS § 706–625(e) (1985 and Supp. 1987).

The sentencing court's June 30, 1987 order of revocation of probation and resentencing is affirmed.

*Susan Barr* (*Derrick H.M. Chan* with her on the brief), Deputy Public Defenders, for Defendant–Appellant.

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.