**STATE OF HAWAII**, Plaintiff–Appellant, v. **JULIO S. MEDINA, JR.**, Defendant–Appellee

NO. 15125

(FC–CR. NO. 90–159)

JANUARY 13, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellant State of Hawaii (State) appeals a Family Court order dismissing a charge brought under Hawaii Revised Statutes (HRS) § 586–11 alleging that a protective order was violated by appellee Julio S. Medina, Jr. (Medina). The charge was dismissed because of the State's failure to personally serve the order as required by HRS § 586–6. We affirm.

I.

On July 17, 1990, Sieglinde Laminman (Laminman) filed an ex parte petition for a temporary restraining order with the Family Court of the Third Circuit pursuant to HRS § 586–4, requesting that Medina be restrained from contacting, threatening, or physically abusing her. A restraining order was issued by the court but was never personally served on Medina.

On September 4, 1990, the State petitioned the Family Court of the Third Circuit, alleging that by contacting Laminman, Medina had committed a misdemeanor under HRS § 586–11. Despite evidence that Medina had actual knowledge of the order the Family Court dismissed the petition, finding that personal service had not been made upon Medina.

II.

HRS § 586–6 provides:

Any order issued under this chapter shall be personally served upon the respondent unless the respondent was present at the hearing in which case the respondent may be served by regular mail.

HRS § 586–11 provides:

Whenever an order for protection is granted pursuant to this chapter and the respondent or person to be restrained knows of the order, violation of the order for protection is a misdemeanor. . . .

The State argues that legislative intent would be furthered if these provisions are read to allow prosecutions under § 586–11 in circumstances where the State has not complied with the personal service requirement of § 586–6 but where the person to be restrained "knows of the order." We find this argument unconvincing.

Where statutory language is plain and unambiguous, that language must ordinarily be regarded as conclusive unless literal application would produce an absurd or unjust result clearly inconsistent with the purposes and policies of the statute. *State v. Palama*, 62 Haw. 159, 612 P.2d 1168 (1980). The plain wording of HRS § 586–6 requires personal service of an order. The only stated exception is where the respondent is present at the hearing at which the order issues, in which case the order may be mailed. In all other cases we believe that the personal service requirement eliminates any chance of misunderstanding or confusion by providing assurance that a defendant prosecuted under the provisions of HRS § 586–11 has received a written copy of the order, and therefore, knows the exact content of the order.

Affirmed.

*Gilbert Halpern* (*Janet R. Garcia* on the briefs), Deputy Prosecuting Attorneys, for plaintiff–appellant.

*Rose Anne Fletcher*, Deputy Public Defender, for defendant–appellee.