**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000452
07-APR-2025
08:16 AM
Dkt. 69 SO**

NO. CAAP-22-0000452

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DAVID S. CICHY, also known as Dave Scott Cichy,
Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-22-0000169)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

David S. **Cichy**, also known as David Scott Cichy, appeals from the June 23, 2022 **Judgment of Conviction and Sentence** entered by the Family Court of the First Circuit.[1] We affirm.

On October 18, 2021, the complaining witness (**CW**) petitioned the family court for an order for protection against Cichy. A temporary restraining order against Cichy was entered the same day. An order to show cause hearing was set for November 2, 2021. Cichy was served with the temporary restraining order on October 19, 2021. He didn't appear for the November 2, 2021 hearing. The family court entered an **Order for Protection** against Cichy. Cichy was served with the Order for Protection the same day.

---

[1] The Honorable Andrew T. Park presided.

On March 17, 2022, Cichy was charged by **Complaint** with violating the Order for Protection on February 13, 2022 (Count 1), February 18, 2022 (Count 2), February 20, 2022 (Count 3), and February 22, 2022 (Count 4). He pleaded not guilty.

Cichy moved to dismiss the Complaint on April 25, 2022. He argued the Complaint didn't comply with Hawaii Revised Statutes (**HRS**) § 805-1, citing State v. Thompson, 150 Hawaiʻi 262, 500 P.3d 447 (2021). The family court entered findings of fact and conclusions of law and an order denying the motion.[2]

Jury trial began on June 22, 2022. Cichy orally moved to dismiss. He argued the Complaint did not give him notice of which specific terms in the Order of Protection he allegedly violated. The family court denied the motion. On June 23, 2022, the jury found Cichy guilty as charged on all counts. The Judgment of Conviction and Sentence was entered on June 23, 2022. This appeal followed.

Cichy states three points of error: **(1)** the Complaint failed to allege Cichy had notice of the Order for Protection; **(2)** the Complaint failed to allege what conduct by Cichy violated the Order for Protection; and **(3)** the family court erred by denying Cichy's Thompson motion. Whether a charge contains all essential elements of a charged offense is a question of law we review de novo under the right/wrong standard. State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009).

**(1)** Cichy contends the Complaint didn't allege he had "notice" of the Order for Protection under HRS § 586-6. The argument is being made for the first time on appeal, so the Motta/Wells post-conviction liberal construction rule applies.[3] Under that rule we will not reverse a conviction based on a defective complaint unless the defendant shows prejudice, or that

---

[2] The Honorable Shanlyn A.S. Park presided.

[3] See State v. Motta, 66 Haw. 89, 657 P.2d 1019 (1983); State v. Wells, 78 Hawaiʻi 373, 894 P.2d 70 (1995).

the complaint "cannot within reason be construed to charge a crime." <u>Wheeler</u>, 121 Hawaiʻi at 400, 219 P.3d at 1187.

Cichy stipulated he was served with the Order for Protection on November 2, 2021. The family court conducted a colloquy and found that Cichy "intelligently, knowingly, and voluntarily waived his right to confront the State's witnesses with regard to this essential element of the offense -- the offenses." Cichy cannot show prejudice.

Cichy also hasn't shown the complaint cannot within reason be construed to charge a crime. The criminal statute under which Cichy was charged provided, in relevant part:

> (a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor.

HRS § 586-11 (2018).

"Where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." <u>State v. Merino</u>, 81 Hawaiʻi 198, 214, 915 P.2d 672, 688 (1996) (brackets omitted). Here, each count of the complaint alleged:

> On or about [date of offense], in the City and County of Honolulu, State of Hawaiʻi, DAVID S. CICHY, also known as Dave Scott Cichy, did intentionally or knowingly violate the Order for Protection issued in FC-DA No. 21-1-2311 on November 2, 2021 by the Honorable Rebecca A. Copeland, Judge of the Family Court of the First Circuit, State of Hawaiʻi, pursuant to Chapter 586 of the Hawaiʻi Revised Statutes, thereby committing the offense of Violation of an Order for Protection in violation of Section 586-5.5 and Section 586-11(a) of the Hawaiʻi Revised Statutes.

Cichy argues the complaint omits "an entire element of the [violating order of protection] charges — the notice requirement of HRS § 586-6." HRS § 586-6 (2018) provides, in relevant part:

> (a) Any order issued under this chapter shall either be personally served upon the respondent, or served by certified mail, unless the respondent was present at the hearing in which case the respondent shall be deemed to have notice of the order.

Cichy cites State v. Medina, 72 Haw. 493, 824 P.2d 106 (1992), to support his argument. There, Medina was charged under HRS § 586-11 with violating a family court restraining order. The family court dismissed the charge after finding that Medina had not been personally served with the order. The State appealed. The supreme court affirmed. Medina recognized a service requirement for enforcing a restraining order; it did not create an element of a violation under HRS § 586-11. "Notice" is not an element of HRS § 586-11(a). Cichy's first point of error lacks merit.

**(2)** Cichy contends the Complaint "failed to allege or [give] notice [of] the specific term(s) of the order for protection Cichy allegedly violated." We may consider information, other than the Complaint, provided to Cichy before he objected to the sufficiency of the charges. See State v. Van Blyenburg, 152 Hawaiʻi 66, 70 n.3, 520 P.3d 264, 268 n.3 (2022).

The Order for Protection prohibited Cichy from, among other things, "electronically communicating (for example: no recorded message, pager, email, text message, instant message, etc.)" with CW. The Complaint was supported by exhibits showing CW informed a police officer on February 13, 2022, that "Cichy left her three voicemails saying Happy Birthday, that he was sick to his stomach that she was involved with someone else so quickly, she wasn't a person of her word, and that tell her new boyfriend, tell him he said Congratulations." Another exhibit to the complaint was a police officer's report that on February 22, 2022:

> [CW] stated that on 02-18-2022, at about 2101 hours she received a voicemail that said "Aw, see, its Waikiki tonight. Hmph". [CW] stated that she was in Waikiki that night and thinks that CICHY was following her. [CW] stated that the voicemail was from a private number but recognized the voice to be CICHY's.

4

. . . .

> [CW] stated that on 02-20-2022, at about 1721 hours she received a voicemail saying "I miss you and still love you." [CW] stated that the voicemail came from a private number but recognized the voice to be CICHY's.
>
> [CW] stated that on 02-22-2022, at about 0805 hours she received a voicemail saying "Just to let you know I'm kind of weak right now but I just came from out of the hospital but just let you know I love you and that I miss you and that I'm probably not going to be around much longer.  Maybe I outta just jump off the Kuhio Plaza."  [CW] stated that the voicemail came from a private number but recognized the voice to be CICHY's.

We conclude Cichy had notice of which specific terms of the Order of Protection he allegedly violated.  His second point lacks merit.

(3)  Cichy's written motion to dismiss argued the Complaint didn't comply with HRS § 805-1 because it was not subscribed under oath by a complainant or accompanied by a declaration in lieu of affidavit, citing State v. Thompson, 150 Hawaiʻi 262, 500 P.3d 447 (2021).  The supreme court explained that its "holding in Thompson was limited to complaints seeking a penal summons or an arrest warrant." State v. Mortensen-Young, 152 Hawaiʻi 385, 395, 526 P.3d 362, 372 (2023).  Cichy was arrested on March 10, 2022, a week before the Complaint was filed.  Thompson doesn't apply here.  His third point lacks merit.

The Judgment of Conviction and Sentence entered by the family court on June 23, 2022, is affirmed.

DATED: Honolulu, Hawaiʻi, April 7, 2025.

On the briefs:

Henry P. Ting,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge