**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000829
08-JUN-2026
08:05 AM
Dkt. 75 SO**

NO. CAAP-24-0000829

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LANDON KALANIKOA FERNANDEZ, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-24-0000945)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

Defendant-Appellant Landon Kalanikoa Fernandez
(**Fernandez**) appeals from the *Judgment of Conviction and Sentence*
(**Judgment**) entered on November 26, 2024, in the Family Court of
the First Circuit (**Family Court**).[1]  Following a jury trial,
Fernandez was convicted of Violation of an Order for Protection,
pursuant to Hawaii Revised Statutes (**HRS**) § 586-11(a)(1)(A).[2]

On appeal, Fernandez contends that the Judgment must be
vacated or reversed because:  (1) Plaintiff-Appellee State of
Hawai'i (**State**) "did not provide notice of an element of the
offense"; (2) "[t]he prosecution's line of questioning and method
of leading the [complaining] witness [(**CW**)] during the direct
examination" constituted prosecutorial misconduct; and (3) the

---

[1]    The Honorable Brian A. Costa presided.

[2]    At the time of the alleged offense, HRS § 586-11(a) (Supp. 2023)
stated, in relevant part:

> **Violation of an order for protection.**  (a) Whenever an
> order for protection is granted pursuant to this chapter, a
> respondent or person to be restrained who knowingly or
> intentionally violates the order for protection shall be
> guilty of a misdemeanor.

evidence was insufficient to support the conviction.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Fernandez's contentions as follows, and affirm.

(1) Fernandez contends that the September 9, 2024 Complaint and the oral charges failed to allege an essential element of the offense – specifically, that Fernandez had notice of the Order for Protection under HRS § 586-6.[3/]

Because this argument is made for the first time on appeal, we apply the Motta/Wells liberal construction rule.[4/] Under this rule, we will not reverse a conviction based on a defective complaint unless the defendant shows prejudice, or the complaint "cannot within reason be construed to charge a crime." State v. Wheeler, 121 Hawaiʻi 383, 400, 219 P.3d 1170, 1187 (2009) (quoting State v. Merino, 81 Hawaiʻi 198, 212, 915 P.2d 672, 686 (1996)); see State v. Tran, 154 Hawaiʻi 211, 226, 549 P.3d 296, 311 (2024) (holding that the Motta/Wells standard applies "where . . . a charge challenge is raised after a guilty verdict has been returned (or after a court has adjudicated a defendant guilty in a bench trial)").

As to the merits of Fernandez's contention, we addressed a nearly identical argument in State v. Cichy, No. CAAP-22-0000452, 2025 WL 1025233, at *1-*2 (Haw. App. April 7, 2025) (SDO). There, we held that the defendant could not show prejudice where he stipulated to having been served with the relevant order for protection and was found by the family court to have waived his right to confront the State's witnesses regarding this issue. Id. at *1. We further held that the defendant had not shown that the relevant complaint "cannot

---

[3/]    HRS § 586-6 (2018) states, in relevant part:

> **Notice of Order.** (a) Any order issued under this chapter shall either be personally served upon the respondent, or served by certified mail, unless the respondent was present at the hearing in which case the respondent shall be deemed to have notice of the order.

[4/]    See State v. Motta, 66 Haw. 89, 91, 657 P.2d 1019, 1020 (1983); State v. Wells, 78 Hawaiʻi 373, 381, 894 P.2d 70, 78 (1995).

within reason be construed to charge a crime[,]" where the complaint "was drawn in the language of the statute."  Id. at *2 (citing Merino, 81 Hawaiʻi at 214, 915 P.2d at 688).

Similarly, here, Fernandez stipulated to the admission of the Order for Protection and the Proof of Service, which showed that he was present at the November 27, 2023 hearing on the petition for the order and was personally served with the order.  He has not shown prejudice in these circumstances.  See Tran, 154 Hawaiʻi at 226, 549 P.3d at 311 ("Tran has not established that he was prejudiced by the indictment.  There is nothing in the record to suggest that he was misled or would have defended the case differently if the indictment contained the additional detail he proposes.").

Furthermore, the Complaint in this case, like its counterpart in Cichy, was drawn in the language of HRS § 586-11(a), which sets forth the essential elements of the offense with reasonable clarity and defines it in comprehensible terms.  See Merino, 81 Hawaiʻi at 214, 915 P.2d at 688.  Specifically, the relevant statutory language provided:  "Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection shall be guilty of a misdemeanor."  HRS § 586-11(a).  In turn, the Complaint alleged:

> On or about August 30, 2024, in the City and County of Honolulu, State of Hawaiʻi, . . . FERNANDEZ did intentionally or knowingly violate the Order for Protection issued in FC-DA No. lFDA-23-2228 on November 27, 2023 by the Honorable Jessi L.K. Hall, Judge of the Family Court of the First Circuit, State of Hawaiʻi, pursuant to Chapter 586 of the [HRS], thereby committing the offense of Violation of an Order for Protection in violation of Section 586-5.5 and Section 586-11(a) of the [HRS]. . . .

These allegations mirror those found sufficient in Cichy.  See 2025 WL 1025233, at *2.  Likewise, Fernandez has not shown that the Complaint "cannot within reason be construed to charge a crime."[5/]  Wheeler, 121 Hawaiʻi at 400, 219 P.3d at 1187; see

---

[5/]    Fernandez's reliance on State v. Medina, 72 Haw. 493, 824 P.2d 106 (1992), is misplaced.  As we explained in Cichy:

> Medina was charged under HRS § 586-11 with violating a family court restraining order.  The family court dismissed
>
> (continued...)

Tran, 154 Hawaiʻi at 227, 549 P.3d at 312 ("[T]he charge here can be construed as alleging the offense charged 'within reason.'" (quoting Motta, 66 Haw. at 91, 657 P.2d at 1020)).

(2) Fernandez contends that the deputy prosecuting attorney (**DPA**) committed misconduct by using "inappropriate leading questions" to bring out information regarding a "domestic violence charge" against Fernandez.

Prior to trial, Fernandez had filed a motion in limine to exclude certain evidence from use at trial. At the hearing of the motion, the parties stipulated to the exclusion of the following, "subject to opening the door": "Any history of documented and/or undocumented allegations [o]f abuse or violence by [Fernandez] against [CW], including, but not limited to, the underlying facts included in the underlying Order for Protection." The Family Court's subsequent order reflected this stipulation.

During trial, CW testified about the November 27, 2023 hearing regarding a "restraining order," at which she, Fernandez and their respective attorneys were present. The following exchange then occurred:

> Q [by DPA] Okay. And so just to be clear, this is for a restraining order --
>
> A [by CW] Correct.
>
> Q -- or was it for something else?
>
> A It was a restraining order and also a domestic violence charge.
>
> Q So at the --
>
> [DEFENSE COUNSEL]: Can the witness repeat that answer? Sorry, I couldn't hear that.
>
> [CW]: That hearing specifically was for the restraining order hearing and also for the domestic violence charge that I had against him.

---

[5] (...continued) the charge after finding that Medina had not been personally served with the order. The State appealed. The supreme court affirmed. Medina recognized a service requirement for enforcing a restraining order; it did not create an element of a violation under HRS § 586-11. "Notice" is not an element of HRS § 586-11(a).

2025 WL 1025233, at *2.

[DEFENSE COUNSEL]: Well, I'd ask to strike that answer. It's in violation of the motions in limine.

THE COURT: Okay. I'm going to strike the witness's answer the first time and also the second time. I'm instructing the jury, you're not allowed to consider that answer for any purpose whatsoever. It is not to be considered evidence.

Fernandez contends that the DPA's questioning constituted prosecutorial misconduct because she "asked multiple times what the purpose of the hearing . . . was" and "made attempts to lead the witness to speak up regarding the domestic violence charge." The State counters that the challenged question that ended – "or was it for something else?" – was not leading; the DPA was in fact trying to avoid asking a leading question by adding "or was it for something else" to the question; the DPA had a legitimate reason for asking the question, so as to establish Fernandez's presence at the hearing in which the Order for Protection was granted, which involved establishing the hearing's purpose; in doing so, the DPA unintentionally elicited testimony that violated the court's in limine order; and defense counsel (not the DPA) then asked the witness to repeat her answer because defense counsel did not hear it the first time.

"Whenever a defendant alleges prosecutorial misconduct, this court must first decide: (1) whether the conduct was improper; and (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt." State v. Willis, 156 Hawaiʻi 195, 204, 572 P.3d 668, 677 (2025) (internal quotation marks omitted) (quoting State v. Udo, 145 Hawaiʻi 519, 534-35, 454 P.3d 460, 475-76 (2019)). In determining whether misconduct was harmless beyond a reasonable doubt, we look at "the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against the defendant." Udo, 145 Hawaiʻi at 538, 454 P.3d at 479 (quoting State v. Iuli, 101 Hawaiʻi 196, 208, 65 P.3d 143, 155 (2003)).

The DPA's question that ended "or was it for something else?" was not leading. The question was improper, though, as the DPA should have known that it could elicit testimony that

violated the in limine order.  See State v. Williams, 146 Hawaiʻi 62, 73, 456 P.3d 135, 146 (2020) ("Especially when it chose to call [the witnesses], the State should have been careful not to elicit evidence regarding the involvement of Child Welfare Services, which violated the motion in limine").  That said, it does not appear that the DPA's question was purposely designed to elicit such testimony.  Rather, in context, the question comes across as an inartful attempt to establish that the November 27, 2023 hearing at which Fernandez was present concerned the Order of Protection that Fernandez was accused of violating – not just a non-specific "restraining order."  And the DPA did not cause CW's response to the challenged question to be repeated; defense counsel did.  Further, Fernandez has not shown that the resulting testimony prejudiced him in these circumstances, where a copy of the Order for Protection, which was admitted into evidence as State's Exhibit 1, included a finding that "[a] protective order is necessary to prevent domestic abuse or a recurrence of abuse," and restrained Fernandez "from committing further acts of abuse or threats of abuse."

In any event, after defense counsel's objection, the Family Court promptly struck CW's repeated answer and gave the jury a strongly worded curative instruction that "you're not allowed to consider that answer for any purpose whatsoever.  It is not to be considered evidence."  The jury is presumed to have followed this instruction.  See State v. Acker, 133 Hawaiʻi 253, 278, 327 P.3d 931, 956 (2014).

Moreover, the evidence supporting the conviction was strong.  The primary issue at trial was whether Fernandez came within 100 yards of CW's residence, in violation of the Order for Protection.  CW testified that on August 30, 2024, she saw Fernandez's car[6] parked in front of a neighbor's house across the intersection from CW's house.  A photograph admitted into evidence as State's Exhibit 3 showed the location of CW's house in relation to where Fernandez's car had been parked.  A

---

[6]     CW clarified that the car was "[her] old vehicle," which Fernandez had been using "since he took it from the residence when he left back in . . . September of that year, '23."

6

responding police officer, Corporal John Zeuzheim (**Cpl. Zeuzheim**), testified that on the day of the incident, he met with CW, and while investigating, he saw Fernandez walk out of the house that the vehicle was parked in front of. CW testified that she had lived at her house since January 2022, had walked the area before, and knew that the distance to the neighbor's house was not 100 yards, which would have been the length of a football field. This testimony was uncontradicted. Additionally, the Proof of Service (see supra) showed that Fernandez was personally served with the Order for Protection, which, on its face, prohibited him from coming within 100 yards of CW's residence. In sum, the evidence that Fernandez had violated the Order for Protection was strong.

On this record, we conclude there is no reasonable possibility that the DPA's improper question might have affected the trial's outcome. See State v. Hirata, 152 Hawaiʻi 27, 33, 520 P.3d 225, 231 (2022) (quoting State v. Riveira, 149 Hawaiʻi 427, 431, 494 P.3d 1160, 1164 (2021)). The question was harmless beyond a reasonable doubt.

(3) Fernandez contends that the evidence was insufficient to support his conviction. In particular, he argues that the evidence was insufficient to show that he "knowingly or intentionally" violated the Order for Protection.

We review the sufficiency of evidence on appeal as follows:

> Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Yuen, 154 Hawaiʻi 434, 444, 555 P.3d 121, 131 (2024) (brackets omitted) (quoting State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998)).

In order to convict Fernandez under HRS § 586-11(a), the State was required to prove that he knowingly or intentionally violated the Order for Protection. We have summarized the evidence supporting his conviction above.

On appeal, Fernandez tries to infer from certain trial testimony by CW and Cpl. Zeuzheim that on the day of the incident, he was "in the area to visit his friend" and "not . . . with the intention to violate the [Order for Protection] . . . ." However, based on the Order for Protection and the Proof of Service, the jury could reasonably have inferred that Fernandez knew he was not to come within 100 yards of CW's residence. And based on CW's testimony that Fernandez had previously lived with her at the residence, and State's Exhibit 3 showing the location of the residence in relation to where Fernandez's car had been parked, the jury could reasonably have inferred that on the day of the incident, Fernandez knew where he was in relation to, and that he was within 100 yards of, CW's residence.

Based on all of the evidence presented at trial, considered in the strongest light for the prosecution, we conclude there was substantial evidence from which the jury could reasonably have inferred that Fernandez acted knowingly or intentionally in violating the Protective Order. See State v. Calaycay, 145 Hawaiʻi 186, 200, 449 P.3d 1184, 1198 (2019) ("[T]he mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all of the circumstances." (quoting State v. Kiese, 126 Hawaiʻi 494, 502-03, 273 P.3d 1180, 1188-89 (2012))). On this record, the evidence was sufficient to support the conviction for violation of § 586-11(a)(1)(A).

For the reasons discussed above, the Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 8, 2026.


On the briefs:

David S.H. Cho,
Deputy Public Defender,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge